[No. 12836-5-II. Division Two. February 22, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD TIMOTHY LAVIOLLETTE, *Appellant.*

*James J. Sowder,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Michael B. Dodds, Deputy,* for respondent.

ALEXANDER, J.—Donald Laviollette appeals a second degree burglary conviction, contending on appeal (1) that his constitutional right to avoid two trials for the same offense was violated and (2) that the trial court erred in denying a motion to suppress from evidence a jacket seized during his arrest on an outstanding warrant. Because we conclude that Laviollette's double jeopardy rights, as guaranteed by the fifth amendment to the United States Constitution, were violated, it is unnecessary for us to discuss the other issue. We reverse.

Donald Laviollette was a passenger in an automobile that was stopped for a traffic violation. A check by the arresting officer revealed an outstanding warrant for Laviollette's arrest. Consequently, Laviollette was taken into custody and booked into the Clark County Jail. After booking, the police discovered that a black leather jacket that Laviollette was wearing at the time of his arrest had been stolen from lockers at the VMG building in Vancouver; the police seized the jacket.

Laviollette was charged in the Clark County District Court with four counts of theft in the third degree relating to thefts of property from the VMG building. He pleaded guilty to the theft charges and was sentenced. Laviollette was also charged with second degree burglary in Clark County Superior Court. Following his guilty plea to the theft charges, the burglary case was tried to the court on

facts stipulated to by Laviollette and the State. One of the stipulated facts was as follows:

> 12. The defendant was charged by Citation with four counts of Theft in the Third Degree and entered pleas of guilty to those offenses on March 14th, 1989. The four counts of Theft in the Third Degree pertain to the thefts from four of the lockers contained in the VMG building *and were the underlying crimes upon which the intent to commit a crime was based.*

(Italics ours.) Laviollette was found guilty of the burglary and sentenced to 14 months in prison.

Laviollette, citing *Grady v. Corbin,* ___ U.S. ___, 109 L. Ed. 2d 548, 110 S. Ct. 2084 (1990), contends that because the theft charges and the burglary charge would subject him to two separate convictions for the same criminal conduct, double jeopardy protections bar the subsequent prosecution for burglary.

The State argues that double jeopardy analysis is limited to a lesser included offense analysis, *i.e.,* that the State may not prosecute a person once for a greater offense and again for a lesser included offense. *State v. Escobar,* 30 Wn. App. 131, 134, 633 P.2d 100 (1981) (citing *Brown v. Ohio,* 432 U.S. 161, 166, 53 L. Ed. 2d 194, 97 S. Ct. 2221, 2225 (1977); *Blockburger v. United States,* 284 U.S. 299, 304, 76 L. Ed. 306, 52 S. Ct. 180 (1932)).

Under *Blockburger,* a subsequent prosecution is barred unless "each provision [of the statute] requires proof of [an additional] fact which the other does not." *State v. Escobar,* 30 Wn. App. at 134 (quoting *Brown v. Ohio, supra*). The *Blockburger* test focuses on "the proof necessary to establish the statutory elements of each offense" and does not preclude charging more than one offense arising out of the same transaction or event. *Escobar,* 30 Wn. App. at 134 (citing *State v. Roybal,* 82 Wn.2d 577, 578, 512 P.2d 718 (1973)). If we were to apply *Blockburger* to this situation we would agree with the State that no double jeopardy violation occurred. But, as Laviollette points out, we must do more than *Blockburger* requires.

■ In a line of cases including *Illinois v. Vitalle,* 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260 (1980), and most recently in *Grady v. Corbin, supra,* the United States Supreme Court has expanded the limitations against a second prosecution for an offense arising out of the same event. A later prosecution will be barred if, "to establish an essential element of an offense charged in that prosecution, [the government] will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." (Italics ours.) *Grady,* 109 L. Ed. 2d at 564.

In *Grady,* its most recent decision on the subject, the United States Supreme Court held that a prosecution for reckless manslaughter, criminally negligent homicide and third degree reckless assault was barred in a case where the defendant had earlier pleaded guilty to the offense of driving while intoxicated and failing to keep right of the median (both misdemeanors). *Grady,* 109 L. Ed. 2d at 557. In the later prosecution, the State filed a bill of particulars showing its intent to prove that the defendant, Corbin, (1) operated a motor vehicle while intoxicated, (2) crossed over the median, and (3) drove too fast for the conditions (heavy rain), and was thereby criminally negligent and reckless. Insofar as the State intended to rely on the conduct for which Corbin had already been convicted, *i.e.,* driving while intoxicated and failing to keep right of the median, to establish essential elements of the homicide and assault offenses, the double jeopardy clause barred the successive prosecution. *Grady,* 109 L. Ed. 2d at 566.[1]

■ The *Grady* Court reasoned that the *Blockburger* test, designed to protect against multiple punishments for the same offense, did not provide adequate protection

---

[1]The Supreme Court said in *Grady,* 109 L. Ed. 2d at 566, that a second prosecution for homicide and assault based solely on Corbin's excessive speed under the prevailing weather conditions, would be permissible because Corbin had not been charged with speeding.

against a second prosecution for the conduct litigated in the first prosecution. *Grady,* 109 L. Ed. 2d at 563. The Court explained that the underlying notion embodied in the double jeopardy clause of the Fifth Amendment is that

> "'. . . the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . ..'"

*Grady,* 109 L. Ed. 2d at 562 (quoting *Green v. United States,* 355 U.S. 184, 187, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A.L.R.2d 119 (1957)). Moreover, the Court said, the State should not be provided with the "opportunity to rehearse its presentation of proof, thus increasing the risk of an erroneous conviction for one or more of the offenses charged." *Grady,* 109 L. Ed. 2d at 562.

The two charges in this case contain different elements. Second degree burglary requires entering or remaining unlawfully in a building with intent to commit a crime, RCW 9A.52.030(1); theft requires wrongfully obtaining or exerting unauthorized control over property with the intent to deprive the owner of that property. RCW 9A.56.020(1). Moreover, the antimerger statute precludes theft from being a lesser included offense of burglary. RCW 9A.52.050. Thus, under the *Blockburger* test, no double jeopardy violation is present. Under the *Grady* test, however, the burglary conviction is barred by the double jeopardy clause.

The parties' stipulation includes the fact that Laviollette was found guilty of theft. While the elements of theft are different from the elements of burglary, it is clear from the stipulation that a necessary element of burglary, intent to commit a crime, was established by the prior theft convictions. Because it is clear that the court relied on conduct for which Laviollette had already been convicted, the second prosecution is barred, under *Grady,* by the double jeopardy clause.

The burglary conviction is reversed and the charge dismissed.

PETRICH, A.C.J., and MORGAN, J., concur.

Review granted at 116 Wn.2d 1028 (1991).