[No. 42732.   En Banc.   July 26, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSE ARTHUR ROYBAL, *Petitioner.*

*Loney, Westland, Raekes, Rettig & Sonderman,* by *Carl G. Sonderman,* for petitioner.

*C. J. Rabideau, Prosecuting Attorney,* for respondent.

BRACHTENBACH, J.—The fifth amendment to the United States Constitution guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb"; this guarantee is made enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969). Important questions regarding the meaning of the term "same offense" are raised by this case.

Jose Arthur Roybal contends that his multiple prosecution subjects him to double jeopardy. The stipulated facts indicate that on July 3, 1972, Roybal was charged in the Pasco City Police Court with carrying a concealed weapon, a pistol, in violation of 9.24.010 of the Pasco Municipal Code:

> It is unlawful for any person to carry or wear concealed upon his person, or concealed in any vehicle, a weapon, consisting of either a pistol, revolver, or other firearm . . .

On July 5, 1972, the Franklin County Prosecuting Attorney charged Roybal with a violation of RCW 9.41.040:

> No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment

in the state penitentiary for not less than one year nor more than ten years.

Both of these charges arise out of the same incident.

The defendant pleaded guilty to the police court charge, but pleaded not guilty to the state charge in superior court. The superior court subsequently denied Roybal's motion to dismiss, grounded on the bar of double jeopardy. While defendant relies solely upon the fifth and fourteenth amendments to the United States Constitution, article 1, section 9 of the Washington State Constitution contains essentially the same prohibition against twice placing a defendant in jeopardy for the *same offense*. The Court of Appeals granted certiorari and entered an order staying the proceedings; we granted the request for certification by the Court of Appeals.

The concept of double jeopardy embodies a legal and social principle of the most fundamental nature. In America its history can be traced to the year 1641 in the Massachusetts Colony. J. Sigler, *Double Jeopardy* (1969) at 2-21. The essence of this guarantee is that no person may be forced to twice "run the gantlet" for an alleged offense. *Green v. United States,* 355 U.S. 184, 190, 2 L. Ed. 2d 199, 78 S. Ct. 221, 6 A.L.R.2d 1119 (1957). In *Green* at page 187, the court explained the rationale for this rule:

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

The main judicial difficulty in enforcing this guarantee has been formulating a test for determining whether multiple prosecutions are indeed for the "same offense." Before proceeding to that problem, however, we first consider the threshold question of whether the state and its municipalities are separate sovereign entities, each consti-

tutionally entitled to impose punishment for the same alleged crime. In *Waller v. Florida*, 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184 (1970), the United States Supreme Court rejected the "dual sovereignty" theory in this context and held that a defendant could not lawfully be tried for the same alleged crime by both a municipal government and the state. We therefore overrule *State v. Tucker*, 137 Wash. 162, 242 P. 363, 246 P. 758 (1926), and all other prior decisions wherein we have held that a person may be tried for the same offense both under a city ordinance in a municipal court and under a state statute in a state court. The state and its municipalities are not separate sovereign entities with reference to the double jeopardy prohibition.

However, the holding in *Waller v. Florida, supra* at 395, was a narrow one:

> We decide only that the Florida courts were in error to the extent of holding that—
>
> "even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court."

(Footnote omitted.) The court in *Waller* did not reach the question remaining before us "Whether in fact and law petitioner committed separate offenses which could support separate charges . . ." *Waller* at 390.

Courts have developed two generalized rules for defining the "same offense," often referred to as the "same evidence" test and the "same transaction" test. Comment, *Double Jeopardy—Defining the Same Offense*, 33 La. L. Rev. 87 (1971); Comment, *The Double Jeopardy Clause*, 19 U.C.L.A.L. Rev. 804 (1972).

The "same evidence" test, considered the majority rule, has not been uniformly defined or applied, but generally appears in one of three versions:

> *Required evidence tests* hold that offenses are "the same" if the elements of one are sufficiently similar to the elements of another. *Alleged evidence tests* find offenses the same if there is sufficient similarity between the allegations of the two indictments. *Actual evidence tests*

find the offenses the same if there is a similarity between the evidence presented at the two trials.

(Footnotes omitted.) Comment, *Twice in Jeopardy*, 75 Yale L.J. 262, 269-70 (1965).

The "same transaction" test focuses on the defendant's behavior rather than the evidence or laws. As articulated by Justice Brennan, concurring in *Ashe v. Swenson*, 397 U.S. 436, 453, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970), "the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction" (footnote omitted), regardless of a similarity of the offenses. This test of the "same offense" has not yet gained the approval of a majority of the United States Supreme Court. *See Ashe v. Swenson, supra* at 448 (Harlan, J., concurring opinion); *Grubb v. Oklahoma*, 34 L. Ed. 2d 309 (1972) (Brennan, J., dissenting opinion), *denying cert. to* Okla. Crim. 497 P.2d 1305 (1972).

■   This court adopted a form of the same evidence test at an early date. In *State v. Reiff*, 14 Wash. 664, 667, 45 P. 318 (1896), the court sought to determine whether the offenses were "identical both in fact and in law" by applying the following standard:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other."

Quoting with approval *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871).

Noting that "There are elements requisite to each [offense] which are not necessary to the other, and proof of the offense charged in either of the informations would not be sufficient to sustain a conviction under the other", the court found no double jeopardy. *State v. Reiff, supra* at 667.

In *State v. Barton*, 5 Wn.2d 234, 237-38, 105 P.2d 63

(1940), we further explained the meaning of the phrase "identical both in fact and in law":

> A person is not put in second jeopardy by successive trials unless they involve not only the *same act,* but also the *same offense.* There must be substantial identity of the offenses charged in the prior and in the subsequent prosecutions both in fact and in law. . . .
>
> . . .
>
> The rule is, however, subject to the qualification that the offenses involved in the former and in the latter trials need not be identical as entities and by legal name. It is sufficient to constitute second jeopardy if one is necessarily included within the other, and in the prosecution for the greater offense, the defendant could have been convicted of the lesser offense.

*Cf. State v. Campbell,* 40 Wash. 480, 483, 82 P. 752 (1905) (referring to the lesser included offense as a "constituent element in the perpetration of the greater offense").

Although this basic test has been expressed in different formulations by this court, *compare State v. Dye,* 81 Wash. 388, 390, 142 P. 873 (1914), *with State v. Johnson,* 60 Wn.2d 21, 24, 371 P.2d 611 (1962), the collective thrust of our prior decisions has been to look at the required evidence necessary to sustain each charge.

Turning to the charges in this case, the defendant argues that the possession of a pistol is the gravamen of both offenses. This contention overlooks the fact that mere possession of a pistol alone is insufficient to convict under either the ordinance or the statute; each offense contains an additional element not included in the other. Under the city ordinance concealment of the weapon must be proven, but concealment is not a requisite element of RCW 9.41.040. The state statute additionally requires evidence that the defendant has been convicted of a crime of violence, whereas such evidence is irrelevant to a violation of Pasco Municipal Code 9.24.010. Thus the required evidence under either charge would be insufficient to convict under the other.

Likewise the municipal charge of concealing a weapon is not a lesser included offense in the state charge.

A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. *State v. Bishop*, 6 Wn. App. 146, 491 P.2d 1359 (1971). Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime. Comment, *The Lesser Included Offense Doctrine*, 5 Conn. L. Rev. 255, 261 (1972). The element of concealment is not an essential ingredient of the state charge and the defendant could have committed the greater offense without committing the lesser.

Guided by the decisions of the United States Supreme Court and our own prior decisions, we hold that defendant has not been subjected to double jeopardy. However, to fully answer defendant's contentions, we acknowledge that the Supreme Court of Oregon (interpreting the double jeopardy provision of the Oregon Constitution) has rejected the "same evidence" standard in favor of a variation of the "same transaction" test:

> [A] second prosecution is for the "same offense" and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution.

*State v. Brown*, 262 Ore. 442, 458, 497 P.2d 1191, 1198 (1972).

Even if we were to adopt the Oregon test—which we do not—it would not aid defendant. Both charges here could not have been tried in the same court; indeed, it has been stipulated that the county prosecuting attorney has no jurisdiction to prosecute a violation of the city ordinance. *Cf. Ashe v. Swenson, supra* at 453 n.7 (Brennan, J., concurring opinion).

We affirm the superior court's denial of the motion to dismiss and vacate the order of the Court of Appeals staying the proceedings.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.