[Nos. 16609-3-I; 16955-6-I. Division One. July 20, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY DUANE JOHNSON, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. SHERWOOD K. KNIGHT, *Appellant*.

---

532

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Anne Bremner, Deputy,* for respondent.

SCHOLFIELD, C.J.—Sherwood Knight and Gregory John-

son appeal their convictions for three counts of robbery in the second degree.

Knight and Johnson were charged by information with two counts (counts 1 and 2) of robbery in the second degree, arising out of a robbery at the Movie Madness video store in Kent. The third robbery count (count 3) arose out of a robbery at Movieola, a home video store in Woodinville. We affirm convictions on counts 1 and 3 and reverse and dismiss count 2.

## FACTS

With respect to counts 1 and 2, two males entered the Movie Madness video store in Kent on December 11, 1984. They tied up the female employee behind the counter and placed the other female employee in the bathroom. A customer who entered shortly thereafter observed two males carrying VCRs out to a waiting vehicle. At a pretrial hearing conducted pursuant to CrR 3.6, the two women positively identified Knight and Johnson as the robbers.

Knight and Johnson both entered a plea of guilty to count 1 and were found guilty by the court after bench trials on stipulated facts on count 2. Both defendants argued that the State's charging of two counts of robbery based on the same transaction was duplicitous and violated their rights under the double jeopardy clauses of article 1, section 9 of the Washington Constitution and the fifth and fourteenth amendments to the Constitution of the United States. Apparently, the purpose for the stipulated trials on count 2 was to preserve this issue for appeal.

With respect to count 3, two males entered the Movieola home video store in Woodinville on November 29, 1984. One of them engaged the sole employee on duty in conversation, while the other came up behind him, grabbed him and held a cold, metallic object against his neck. The clerk was then physically moved to a bathroom and ordered to stay there, while the two robbers took cash and two VCRs from the store.

Motions in limine were made by each defendant to pre-

vent the State from introducing evidence of their prior convictions. Johnson's record included a 1979 conviction for robbery in the first degree and a 1980 conviction for possession of stolen property. Knight's prior conviction was for a 1978 second degree burglary. The State also planned to use counts 1 and 2 as prior convictions.

Johnson did not testify at trial, but did make an offer of proof as to what his testimony might be. Essentially, Johnson would have testified that he and his girl friend spent the evening of November 29, 1984 (the date of the Woodinville robbery) together in their apartment complex exercise area. Johnson's girl friend did testify to these facts at trial. Knight testified, and his counsel brought out on direct testimony that he was convicted of a felony in 1978 and also had a 1985 felony conviction (counts 1 and 2 were described as one felony). The State did not pursue the matter further on cross examination. The jury found both men guilty of the lesser included offense of robbery in the second degree, and neither was found to be armed with a deadly weapon.

At the time of sentencing, the court treated Johnson's two prior convictions (1979 robbery conviction and 1980 conviction for possession of stolen property) as two separate convictions for the purpose of calculating criminal history. Johnson argued to the trial court that since his probationary period ordered on the possession of stolen property conviction was served at the same time he was incarcerated for his robbery conviction, the two crimes should be treated as one felony in calculating the offender score.

Both defendants filed timely appeals.

### DOUBLE JEOPARDY

Defendants assert that convicting them of two robberies violates constitutional guaranties against double jeopardy. Double jeopardy protects against multiple punishments for the same offense. *Whalen v. United States,* 445 U.S. 684, 63 L. Ed. 2d 715, 100 S. Ct. 1432 (1980).

In *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973), Roybal was charged with violation of a section of the Pasco Municipal Code making it unlawful to carry a concealed pistol. Two days later, he was charged by the State with a violation of RCW 9.41.040, prohibiting a felon from owning or carrying a pistol. Both charges arose out of the same incident. The defendant pleaded guilty to the Pasco ordinance violation and stood trial and was convicted on the state charge.

On his appeal from that conviction, the Supreme Court elected to follow the "same evidence" test, rather than the "same transaction" test, and commented at page 582 that:

[T]he collective thrust of our prior decisions has been to look at the required evidence necessary to sustain each charge.

The court found double jeopardy was not violated in *Roybal* because the evidence needed to prove each charge was different and that it was possible to prove one charge without proving the other.

Following the *Roybal* reasoning, double jeopardy bars two convictions for Knight and two convictions for Johnson arising out of the robbery of the Movie Madness video store. The same evidence was used to prove each conviction. It follows that there was only one robbery.

The State argues that the existence of two clerks in the store means there were two separate victims and, therefore, two robberies. This argument is based on *State v. Rupe*, 101 Wn.2d 664, 683 P.2d 571 (1984). Rupe was charged with robbing a small bank. He took cash from two tellers. Each teller had a cash drawer for which she was personally responsible. Relying upon those facts, the court held there were two robberies.

The facts in *Rupe* can be readily distinguished from the facts in the case sub judice. While there were two clerks in the store, nothing was taken directly from the clerks. The only items stolen were items for which each clerk had equal responsibility with the other. The facts in evidence were the same as to each clerk so far as elements of a robbery are

concerned. If *Rupe* were interpreted as requiring a finding of two robberies by each defendant in the case before us, then had there been 10 clerks, the same reasoning would require convictions for 10 robberies by each defendant, a result we deem to be absurd and one that would serve no useful purpose.

We hold that the robbery of the Movie Madness store in Kent on December 11, 1984 amounted to one robbery. It follows that count 2 of robbery in the second degree must be stricken as to both Knight and Johnson.

### ADMISSIBILITY OF PRIOR CONVICTIONS

■ A defendant desiring to preserve alleged error in admission of prior convictions under ER 609 must make an offer of proof as to what his testimony would have been if he had testified in the absence of an adverse ruling. *State v. Koloske*, 100 Wn.2d 889, 897, 676 P.2d 456 (1984). The offer of proof is necessary so that the trial court can properly evaluate the importance of the defendant's testimony and properly exercise its discretion. *State v. LeFever*, 102 Wn.2d 777, 690 P.2d 574 (1984). Although Johnson did not testify, his offer of proof preserved this issue on appeal. Knight did testify, and his counsel brought out his prior convictions on direct examination.

Knight and Johnson argue that the court did not articulate on the record the balancing between probative value and prejudice, required by *State v. Jones*, 101 Wn.2d 113, 677 P.2d 131 (1984) and *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980). We disagree. The six factors listed by the *Jones* court were argued to the trial judge in considerable detail on behalf of the defendants. Counsel addressed the significance of the length of the criminal record, the remoteness of the prior convictions, the nature of the prior crimes, the age and circumstances of the defendants, the centrality of the credibility issue, and the fact that Knight had successfully completed a probationary sentence. These factors were also discussed in trial briefs filed with the trial

court.

After the extensive argument by defense counsel stressing the prejudicial aspects of admitting prior convictions, the court rejected the State's effort to admit the convictions under ER 404. The court then acknowledged the probable prejudice from admitting a prior conviction for the same or similar offenses as the current charge and concluded that the prior convictions would be described only as "felonies" in order to moderate the prejudice. The court also concluded the prior convictions were probative. The colloquy between the court and counsel on these issues consumed some 15 pages of transcript.

■ Whether prior convictions will be admitted for impeachment purposes under ER 609(a)(1) is a discretionary ruling. *State v. Thompson*, 95 Wn.2d 888, 632 P.2d 50 (1981). It is quite apparent that the factors discussed in *Alexis* and *Jones* were before the court and were considered by the trial judge before admitting the prior convictions as felonies. An additional statement of reasons, while helpful, does not appear to be necessary under the circumstances of this case. We are satisfied that this record reflects due consideration by the trial judge of the *Alexis/Jones* factors.

In determining whether the probative value of the prior convictions outweighs their prejudicial value, the trial court must consider whether its ruling will result in the defendant's decision not to testify on his own behalf. The trial court must determine how critical it is for the jury to hear the defendant's testimony.

In *State v. Alexis, supra,* the defendant elected not to testify in his rape trial, for fear of the prejudice resulting from the jury hearing of a previous rape conviction. The Washington Supreme Court stated as follows:

> It seems to us, a major factor to be considered in the balancing procedure is a comparison of the importance that the jury hear the defendant's account of events with the importance that it know of his prior conviction. In this case for example, unless the defendant testifies it is

highly unlikely that his version of the matter will get before the jury.

(Citations omitted.) *Alexis,* at 19.

Johnson's counsel argued to the trial court that his client's right to testify on his own behalf must be protected because Johnson's testimony might be the only opportunity he has to present a defense. Although the record does not indicate that the trial court specifically considered the impact of Johnson's failure to testify, it is reasonable to assume that the trial court considered all pertinent arguments made by counsel.

However, even if this court were to determine that the trial court failed to adequately consider the impact of Johnson's failure to testify, any error would be harmless. Johnson's offer of proof was substantially the same evidence as that presented on his behalf by his girl friend. Thus, Johnson was able to put his story in front of the jury while he prevented the State from informing the jury of his prior convictions. We find no error in the trial court's ruling regarding the defendant's prior convictions.

### CLAIM OF CONCURRENT SENTENCES

Former RCW 9.94A.360(11) reads as follows:

In the case of multiple prior convictions for the purpose of computing the offender score, count all adult convictions served concurrently as one offense, and count all juvenile convictions entered on the same date as one offense. The conviction for the offense that yields the highest offender score is used.

Johnson argues that because his suspended sentence for possession of stolen property was served during his incarceration for the prior robbery conviction, the two should be considered concurrent within the meaning of former RCW 9.94A.360(11).

The State contends that where neither judgment and sentence states that the sentences should run concurrently, they are not concurrent within the meaning of the statute.

In *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985), Hartley made a

similar argument based upon the fact that he had served time on five Oregon convictions concurrently, and for that reason, the five convictions should be counted as one offense in the calculation of his offender score. The *Hartley* court rejected this interpretation of the statute and found that the legislative intent was to include one offense in criminal history when prior concurrent sentences were *judicially* imposed. *Hartley*, at 673.

In the case sub judice, the court did not provide in the judgment and sentence that the suspended sentence for possession of stolen property be served concurrently with the sentence for the prior robbery conviction. Based upon the sound reasoning of *Hartley*, Johnson's argument is rejected.

The convictions of Johnson and Knight on count 2 are stricken and the case is remanded to superior court for resentencing. The judgments appealed from are otherwise affirmed.

SWANSON and RINGOLD, JJ., concur.

Review denied by Supreme Court November 4, 1987.