[No. 59102-4.   En Banc.   March 4, 1993.]

THE STATE OF WASHINGTON, *Petitioner*, v. KENNETH
WAYNE DAVIS, *Respondent*.

2

*Gerald A. Matosich, Prosecuting Attorney,* and *Richard Lynn Walker, Deputy,* for petitioner.

*Kenneth Wayne Davis,* pro se, and *Joy E. Van Nostern,* for respondent.

*Donald C. Brockett, Prosecuting Attorney for Spokane County,* and *Kevin M. Korsmo, Deputy,* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae for petitioner.

DURHAM, J. — Respondent Kenneth Davis was convicted of second degree felony murder, with the underlying felony of second degree assault. We are asked to decide one issue: is a defendant charged with second degree murder entitled to a lesser included offense instruction for first and second degree manslaughter? We hold that no such instruction is required.

The following facts were disclosed during a jury trial. In early May 1989, Joyce Davis informed her husband of 20 years, Kenneth Davis, that she was moving out of the family home in The Dalles, Oregon. She moved out and took the couple's 16-year-old daughter with her.

Kenneth Davis claims that over the next few weeks, he became despondent. He searched for his wife and daughter, was unable to sleep, and ate very little. Just prior to the homicide, he threw many of his belongings into his truck and took a brief trip to Reno, Nevada. When he returned, Davis resumed the search for his family.

He eventually found his wife's car in front of an apartment in nearby Dallesport, Washington. The apartment belonged to the victim, Marion Charles Hayes. Joyce Davis had moved in with Hayes several weeks after she left her husband. As Ken Davis approached his wife's vehicle, he was confronted by the victim who told him to leave and offered to "beat [his] . . . head in." This event occurred around midnight on May 30, 1989.

Ken Davis then left Dallesport and went back to The Dalles where he became involved in a physical altercation with his son. Davis claims that he felt suicidal and returned to Dallesport with hopes of seeing his daughter. He arrived at Hayes' apartment in the early morning hours of May 31, 1989. Davis parked his truck some distance from the apartment, grabbed a hunting rifle, and approached the apartment door. At trial, he claimed that he was unaware the gun was loaded and took it merely to protect himself from Hayes — a much larger man. When he reached the apartment door, he found it locked, so he attempted to force entry. Davis claims that the door then opened suddenly, and Hayes lunged at him. During the struggle, the gun went off, killing Hayes.

Davis then entered the apartment where he was confronted by his wife. She moved toward him and he struck her in the face with the butt of his rifle, breaking her nose and knocking her to the floor where she feigned uncon-

sciousness. Davis then left the apartment, returned to The Dalles, and turned himself in to the police.

At trial, Davis requested a lesser included offense instruction for manslaughter which the trial court denied. The jury subsequently convicted Davis of one count of second degree felony murder, RCW 9A.32.050(1)(b), the underlying felony being the second degree assault of Hayes under RCW 9A.36-.021(1)(c). He was also convicted of one count of assaulting his wife, RCW 9A.36.021(1)(c). The Court of Appeals reversed Davis' felony murder conviction, holding that the trial court erred in denying Davis' proposed first and second degree manslaughter instructions. *State v. Davis*, 64 Wn. App. 511, 827 P.2d 298 (1992). This court granted the State's petition for review, and limited review solely to the lesser included offense issue.

The right to a lesser included offense instruction is statutory. *See State v. Bowerman*, 115 Wn.2d 794, 805, 802 P.2d 116 (1990). It arises from RCW 10.61.006, which states that:

> In all other cases the defendant may be found guilty of an offense the commission of which is *necessarily* included within that with which he is charged in the indictment or information.

(Italics ours.) "Each side is entitled to have the trial court instruct upon its theory of the case if there is evidence to support that theory." *State v. Theroff*, 95 Wn.2d 385, 389, 622 P.2d 1240 (1980).

Either the defense or the prosecution may request a lesser included offense instruction. This court has developed a 2-part test for determining when such an instruction is appropriate:

> First, each of the elements of the lesser offense must be a necessary element of the offense charged. . . . Second, the evidence in the case must support an inference that the lesser crime was committed.

*State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978); *accord State v. Pacheco*, 107 Wn.2d 59, 69-70, 726 P.2d 981 (1986).

Davis argues that first and second degree manslaughter are lesser included offenses of second degree felony murder.[1] This result is possible, he claims, because a lesser included offense of second degree assault is third degree assault and third degree assault has the same intent element as manslaughter. As such, the jury could have found that the defendant had not committed the underlying felony but still find that the defendant had recklessly caused the death of another under first or second degree manslaughter. The cases cited by Davis do not support this proposition.[2]

■■ The State, citing *State v. Curran*, 116 Wn.2d 174, 804 P.2d 558 (1991), argues that a lesser included offense instruction is not available whenever alternative means exist for committing the crime charged.[3] We find that *Curran* is dispositive.

In *Curran*, the defendant requested an instruction on reckless driving as a lesser included offense of vehicular homicide. This court stated the following:

> Curran would be entitled to a jury instruction under existing Washington law on reckless driving *only if the crime of vehicular homicide could not be committed without also committing the crime of reckless driving.*

(Italics ours.) *Curran*, at 183. We held that reckless driving was not a lesser included offense because an alternate means for committing the crime existed — *i.e.*, driving with disregard for the safety of others. *Curran*, at 183.

---

[1] The elements of first degree manslaughter are causing the death of another and recklessness. RCW 9A.32.060(1)(a). Second degree manslaughter involves causing the death of another through criminal negligence. RCW 9A.32.070. Both recklessness and negligence are lesser included mental states of intent. RCW 9A.08.010(2); *State v. Jones*, 95 Wn.2d 616, 621, 628 P.2d 472 (1981).

[2] Davis cites *State v. Collins*, 30 Wn. App. 1, 632 P.2d 68, *review denied*, 96 Wn.2d 1020 (1981). However, that case did not involve second degree felony murder. It involved nonpremeditated second degree murder, *see* RCW 9A.32-.050(1)(a), of which manslaughter is a lesser included offense.

[3] The Court of Appeals did not cite *Curran* in its discussion of the lesser included offense issue.

In this regard, the second degree felony murder statute fits squarely within the *Curran* analysis. Second degree felony murder is defined by statute as follows:

(1) A person is guilty of murder in the second degree when:

. . . .

(b) He commits or attempts to commit any felony other than those enumerated in RCW 9A.32.030(1)(c) [the first degree felony murder statute], and, in the course of and in further-ance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants[.]

RCW 9A.32.050.

Under this felony murder statute, the commission of any felony supports a felony murder conviction. Thus, there are numerous alternative ways of committing this offense apart from assault. Given the wide breadth of alternatives, there are no lesser included offenses to second degree felony mur-der. As the State points out, "[t]he reasoning enunciated in *Curran* is even more compelling here because felony murder not only includes differing means of committing the offense but actually lists a wide variety of differing crimes which come under its ambit." Petition for Review, at 8. Davis offers no rationale for abandoning the recent *Curran* decision, and we decline to do so.

Our conclusion is supported by *State v. Frazier*, 99 Wn.2d 180, 661 P.2d 126 (1983), which examined whether man-slaughter is a lesser included offense of first degree felony murder.[4] There, we quoted language from *State v. Roybal*, 82 Wn.2d 577, 583, 512 P.2d 718 (1973):

A lesser included offense exists when all of the elements of the lesser offense are .necessary elements of the greater offense. . . . Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

*Frazier*, 99 Wn.2d at 191. Applying this test, we held that manslaughter was not a lesser included offense since "one can commit the crime of first degree felony murder without

---

[4]Although the underlying felony in *Frazier* was robbery, this did not have any significance in the court's lesser included offense discussion.

having committed first or second degree manslaughter". *Frazier*, at 192.

Also, in *State v. Dennison*, 115 Wn.2d 609, 801 P.2d 193 (1990), we determined whether second degree murder and manslaughter are lesser included offenses of first degree felony murder. In that case, the underlying felony was burglary. Following the reasoning in *Frazier*, this court pointed out that the felony murder statute requires no specific mental element. *Dennison*, at 627. *See also State v. Wanrow*, 91 Wn.2d 301, 306, 588 P.2d 1320 (1978). As such, the specific mental elements required to prove first and second degree manslaughter did not apply to felony murder. *Dennison*, at 627.

The same result follows for the current case. Because first degree felony murder is not structurally different from second degree felony murder, *compare* RCW 9A.32.030(1)(c) *with* RCW 9A.32.050(1)(b), *Frazier* and *Dennison* should apply with equal force to second degree felony murder. *See also State v. Ortiz*, 119 Wn.2d 294, 315, 831 P.2d 1060 (1992) (Due to difference in mental element, felony murder is not a lesser included offense of aggravated murder.). The myriad of alternative ways in which one may commit second degree felony murder renders it unamenable to a lesser included offense instruction.[5]

Thus, we reverse the Court of Appeals and reinstate Davis' conviction for second degree felony murder.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, SMITH, GUY, and JOHNSON, JJ., concur.

---

[5]Alternatively, amicus Washington Association of Prosecuting Attorneys points to another serious problem with the Court of Appeals' reasoning:

If defendant Davis indeed acted with criminal negligence in the course of assaulting Mr. Hayes, he is still guilty of second degree felony murder since he committed a killing in the course of committing third degree assault. That felony would still supply the predicate for second degree felony murder.

Brief of Amicus, at 17. Under RCW 9A.36.031(2), third degree assault is a class C felony. Similarly, first degree manslaughter is a class B felony, RCW 9A.32-.060(2), and second degree manslaughter is a class C felony, RCW 9A.32.070(2). In effect, Davis' proposed instruction was not for a lesser included offense, but for the same offense. A conviction under any of the proposed felonies still supports a conviction for second degree felony murder.