[No. 30795-9-I. Division One. January 31, 1994.]

THE CITY OF SEATTLE, *Petitioner,* v. BARBARA WILKINS, *Respondent.*

*Mark H. Sidran, City Attorney,* and *Andrea Chin, Assistant,* for petitioner.

*Barbara Wilkins,* pro se, and *Andrew S. Dimmock* of *Associated Counsel for the Accused,* for respondent.

WEBSTER, C.J. — The City of Seattle (the City) appeals a superior court decision which reversed Barbara Wilkins' conviction in Seattle Municipal Court for simple assault and remanded for a new trial.

## FACTS

Wilkins, evicted by her landlady Janette King, went to King's apartment the same day, forcibly entered, pushed and threatened to harm King. The City charged Wilkins under two alternative subsections of the Seattle Municipal Code's (SMC) assault statute: intentional assault and reckless assault. Former SMC 12A.06.010(A), (B). Over Wilkins' objection, the Seattle Municipal Court instructed the jury that simple assault, former SMC 12A.06.015, is a lesser included offense of assault as charged. The jury returned a verdict of guilty on the simple assault charge.

On appeal, the Superior Court found that simple assault is not a lesser included offense of the reckless form of assault, and reversed Wilkins' conviction and remanded for a new trial. The City seeks to reinstate the verdict.

DISCUSSION

Conceding that simple assault is not a lesser included offense of the reckless assault defined in former SMC 12A.06-.010(B), the City nonetheless claims that a lesser included offense instruction was appropriate because simple assault is a lesser included offense of the intentional form of assault.[1] Under former SMC 12A.06.010(A), (B) and (C), assault can be committed in three alternative ways. A person is guilty of assault when:

A. With intent to cause bodily injury to another person, he causes bodily injury to any person; or

B. He recklessly causes bodily injury to another person; or

C. With criminal negligence, he causes bodily injury to another person by means of a deadly weapon.

In addition, under former SMC 12A.06.015,

A. A person is guilty of simple assault when he intentionally and without permission touches another person and that touching is offensive.

Lesser included offenses are governed by RCW 10.61.006, which provides:

the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information.

The *Workman* test dictates that a jury instruction on a lesser included offense is appropriate where (a) each of the elements of the lesser offense is a necessary element of the offense charged and (b) evidence produced at trial supports an inference that the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978); *State v. Pacheco*, 107 Wn.2d 59, 68-69, 726 P.2d 981 (1986).

---

[1]The City also concedes that this is not an inferior degree case governed by RCW 10.61.003.

Workman was charged with attempted first degree robbery while armed with a deadly weapon. *Workman*, at 447-48.[2] There, the court held that the lower court erred by failing to give the jury a lesser included offense instruction on unlawfully carrying a weapon. The court stated that the elements of the offense of unlawfully carrying a weapon are (1) carrying a weapon, and (2) circumstances warranting alarm. The court further stated that the elements of first degree robbery as charged are (1) that a defendant be armed with a deadly weapon, and (2) commission of a robbery. *Workman*, at 447-48. The court found that the element of carrying a weapon is a necessary element of first degree robbery as charged. *Workman*, at 448. The court found likewise that the existence of circumstances warranting alarm is an element of an attempt to commit a robbery. *Workman*, at 448.[3]

■ More recently, in *State v. Curran*, 116 Wn.2d 174, 183, 804 P.2d 558 (1991), the court applied the *Workman* test and held that where the defendant was charged with vehicular homicide, the court did not err in refusing to instruct the jury on reckless driving as a lesser included offense. The court explained that in the vehicular homicide context, the statute and case law clearly distinguish between reckless and negligent driving, two means of committing vehicular homicide.[4] *Curran*, at 183. The court went on to state that a

---

[2]We note that first degree robbery can also be committed by inflicting bodily injury without a weapon. This means of committing the crime was not charged.

[3]Indicating flexibility regarding the first prong of the test, the court said that though the existence of circumstances warranting alarm is not a stated element of attempted first degree robbery, it is an "inherent characteristic" of it. *Workman*, at 448.

[4]For example, in *State v. Eike*, 72 Wn.2d 760, 765-66, 435 P.2d 680 (1967), the defendant was charged with drunk, reckless, and negligent driving, and was found guilty of negligent driving only. He argued that because the drunk and reckless driving charges were dismissed, and negligent driving was one of two coequal means of committing the crime ((1) drunk and (2) reckless or negligent driving), it too should be dismissed. The court held that ordinary negligence will not support a conviction of negligent homicide. Negligent driving, said the court, implies an aggravated negligence, short of recklessness, but greater and more

defendant would be entitled to a lesser included offense jury instruction *only if* the crime charged could not be committed without also committing the lesser crime. Reckless driving cannot be a lesser included offense of vehicular homicide because one can be convicted of vehicular homicide by negligent as well as reckless driving. *Curran*, at 183.[5] Thus, under *Curran*, where there are numerous ways of committing the greater crime charged, and the crime can be committed by one but not another of the alternative means, then any lesser included offense must be a lesser included offense of all the means.[6]

Here, the City conceded that this is not a lesser degree case. More significantly, however, the City conceded that simple assault is not a lesser included offense of the reckless form of assault. Wilkins was charged in the alternative with reckless assault. Thus, under both *Workman* and *Curran*, the jury should not have been instructed on simple assault

---

marked a dereliction than the many minor oversights and inadvertences encompassed within the term "negligence". Thus, the court found, it was not error to instruct the jury on negligent driving. *Accord, State v. Knowles*, 46 Wn. App. 426, 430, 730 P.2d 738 (1986).

[5]We note that if Curran had been charged with vehicular homicide by reckless driving, RCW 46.61.520, then a lesser included offense instruction on reckless driving would have been proper.

[6]*State v. Davis*, 121 Wn.2d 1, 846 P.2d 527 (1993) affirmed *Curran's* holding that if it is possible to commit one crime without also committing a second crime, the second crime is not a lesser included offense of the first. In *Davis*, a second degree felony murder case, the court stated that felony murder could be satisfied by the commission of any felony, and held because there were numerous alternative ways of committing this offense, there were no lesser included offenses to second degree felony murder. We feel *Davis* goes too far. It implies that anytime an offense can be committed by inconsistent alternative means, that offense cannot have a lesser included offense. Instead, we interpret *Curran* to hold that as long as the lesser included offense satisfies the *Workman* test for the *crime charged*, a lesser included offense jury instruction is appropriate. Thus, even where the greater crime may be committed by alternative means, if that crime is charged by specifying the alternative means, a lesser included offense which satisfies the legal and factual prongs of the *Workman* test should be instructed upon when requested, even if the lesser offense would not be a lesser included as to other, uncharged (and therefore hypothetical) alternatives of the greater offense.

as a lesser included offense of assault as charged. Even if the City had not conceded this, this court finds that simple assault fails the first prong of the *Workman* test for reckless assault, and thus cannot be a lesser included offense of reckless assault.

The elements of simple assault are an intentional act, lack of permission, and an offensive touching. Former SMC 12A.06.015(A). The elements of reckless assault are reckless disregard of a substantial risk, and bodily harm. Former SMC 12A.06.010(B). The second and third elements of simple assault under the facts here could be necessary elements of reckless assault. However, the first element, an intentional act, could not. It may be possible to commit reckless or criminally negligent assault without committing simple assault because a person can be convicted of reckless or criminally negligent assault without proof of intent, while one cannot be convicted of simple assault without proof of intent.[7] Intent is also not an "inherent characteristic" of reckless assault. Thus, simple assault fails the first prong of the *Workman* test for reckless and criminally negligent assault — the intent requirement of simple assault is not a necessary requirement of reckless assault. Consequently, simple assault cannot be a lesser included offense of reckless assault, and should not have been instructed.

Inasmuch as Wilkins cannot be convicted of an offense which is not a lesser included offense, the Superior Court's analysis was correct. Affirmed.

SCHOLFIELD and BAKER, JJ., concur.

---

[7]*See State v. Sample*, 52 Wn. App. 52, 54-55, 757 P.2d 539 (1988) (under RCW's, court found it was possible to commit third degree assault by criminal negligence without committing simple assault).