818 So.2d 383 (2002)
George Earl SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00422-COA.
Court of Appeals of Mississippi.
June 4, 2002.
*384 Armstrong Walters, Columbus, for appellant.
Office of the Attorney General by Scott Stuart, for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
*385 McMILLIN, C.J., for the Court:
¶ 1. George Earl Smith was convicted by a Lowndes County Circuit Court jury of aggravated assault and attempted sexual battery involving an incident with a thirteen-year-old female. He has appealed claiming that the evidence was insufficient as a matter of law to sustain his conviction or, alternatively, that the guilty verdict was against the weight of the evidence. Smith raises a third issue in which he claims that, under the State's theory of the case, the aggravated assault was a necessary element of the attempted sexual battery so that the two offenses merged, thereby making it improper for him to be convicted of two separate crimes. Finding none of these issues to have merit, we affirm the convictions and resulting judgment of sentence.

I.

Facts
¶ 2. The competing versions of the incident itself were provided by the victim and by Smith, the defendant. The female victim testified that she was walking home along a railroad track when she was chased down by Smith. According to her, Smith wrestled her to the ground and began to forcibly remove her clothing. The victim put up a fierce resistance that included scratching her assailant in the face. In an effort to overcome the resistance, Smith struck his victim in the head with a stick, inflicting substantial pain. Smith then demanded that she remove her clothing and she began to comply, being fearful that he would inflict further physical injury. However, she was ultimately able to escape by striking Smith in the head with a rock and fleeing the scene. A police officer investigating the case confirmed at trial that, when he first saw Smith, his face did show evidence of scratch marks.
¶ 3. Smith testified in his own defense and said that the victim had approached him and offered to have sexual relations with him for a sum of money which he gave her, but she then attempted to run away. He said she fell while running, striking her face, and that he caught up with her in an attempt to have his money returned. It was at that point that she wrestled free and ran away once again, scratching his face in the process. At that point, Smith said he determined that further pursuit to retrieve his money was not warranted.
¶ 4. A physician who testified to having examined the victim the morning after the incident said that the victim's complaints of tenderness about her face were consistent with being struck by an object such as a stick but admitted on cross-examination that they were also consistent with an injury received in a fall.

II.

The Sufficiency of the Evidence
¶ 5. If, as to one or more of the essential elements of the crime, the State's proof was either nonexistent or so lacking in probative value that a fair-minded juror could only find the defendant not guilty, the defendant is entitled, on proper motion, to have the trial court enter a judgment of not guilty notwithstanding the action of the jury in finding him guilty. Steele v. State, 544 So.2d 802, 808 (Miss. 1989). In assessing the merits of the motion, the court must view all of the evidence in the light most favorable to upholding the jury's verdict and must assume that, as to critical issues on which the evidence conflicted, the jury sitting as triers of fact resolved those issues in favor of the State. Sheffield v. State, 749 So.2d 123, 125 (Miss.1999). When the trial court refuses to grant a JNOV motion and that *386 is raised as error on appeal, this Court must undertake an independent review of the same evidence to determine whether we are convinced that the trial court erred in denying the motion. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 6. In this case, the witnesses gave conflicting versions of events. The State's version, offered primarily through the testimony of the victim, was not shown to be implausible, nor was it contradicted by any evidence other than the defendant's uncorroborated testimony. The victim's credibility was not impeached by any of the traditionally-recognized methods for calling into question a witness's willingness or ability to accurately relate events critical to the case. In that situation, when the jury carries out its obligation as fact-finder to resolve disputed facts and does so by accepting as more credible the version advanced by the prosecution, this Court has no basis to intercede. This issue is without merit.

III.

New Trial
¶ 7. Even when the evidence is sufficient to convict, a defendant may nevertheless be entitled to a new trial when the trial court determines that the guilty verdict returned by the jury was against the weight of the more credible evidence presented at trial. Fleming v. State, 732 So.2d 172, 183 (¶ 37-38) (Miss.1999). This alternative to a total exoneration of the defendant based on a successful challenge to the legal sufficiency of the evidence exists to prevent a substantial miscarriage of justice. Wetz v. State, 503 So.2d 803, 812 (Miss.1987). The trial court has a measure of discretion in determining whether a new trial on this ground is in order and appellate review of a decision to deny a new trial motion is limited to a search for an abuse of that discretion. Id.
¶ 8. Our review of all the evidence in the record leaves us unpersuaded that the State's case was so weak or the defendant's proof was so persuasive that the jury's decision to convict has worked a manifest injustice. For that reason, we decline to overturn the trial court's decision to deny Smith's new trial motion.

IV.

Merger of the Two Crimes
¶ 9. Two independent crimes merge into one when the greater crime necessarily includes all the elements of the lesser crime as a lesser included offense. Newburn v. State, 205 So.2d 260, 264 (Miss. 1967). The Mississippi Supreme Court has illustrated this principle by pointing out that, if a person violently strikes another with a deadly weapon, causing the victim's death, the culprit cannot be charged separately with homicide and with assault. Faraga v. State, 514 So.2d 295, 311 (Miss.1987).
¶ 10. In this case, the State proved that, in an effort to force or coerce the victim into submitting to his sexual advances, Smith struck the victim in the head with a stick. An assault of this nature, though perhaps helpful in pursuing the defendant's ultimate aim of engaging in unwanted sexual contact with his victim, is not necessarily an element of the sexual crime. Especially on the facts of this case, where the victim was chased and wrestled to the ground in an attempt to engage in sexual relations, the crime of attempted sexual battery was, in fact, completed before the act of striking her even occurred. "A criminal defendant may be prosecuted for more than one statutory offense arising out of a basic set of facts." Harden v. State, 460 So.2d 1194, 1199 (Miss.1984). *387 In Davis v. State, this Court held that an act of assault did not merge into the crime of robbery though the assault was clearly in furtherance of the purpose of accomplishing the robbery. Davis v. State, 750 So.2d 552, 563 (¶ 43) (Miss.Ct.App.1999). We find the same principles announced in Davis to control our decision in this case. These two crimes did not merge and this issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHT YEARS AND CONVICTION OF ATTEMPTED SEXUAL BATTERY AND SENTENCE OF TEN YEARS, SAID SENTENCES TO RUN CONSECUTIVELY AND TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.