[No. 25793-9-II. Division Two. July 23, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. JACOB GAMBLE, *Appellant*.

---

[31] *See* WASH. CONST. art. IV, § 16.

334

*James J. Sowder*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Richard A.* . *Melnick* and *Philip A. Meyers, Deputies*, for respondent.

QUINN-BRINTNALL, A.C.J.— On February 12, 2000, a jury convicted Jacob Gamble of second degree felony murder by assault in the beating death of Daniel Carroll. In *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002), our Supreme Court mandated the vacation of second degree felony murder convictions in which the predicate felony was an assault. Gamble appeals.

Here, we answer the question: What is the appropriate remedy following vacation of Gamble's second degree felony murder by assault conviction? We hold that when the conviction of second degree felony murder is based on the death occurring as a result of an intentional assault that recklessly caused serious bodily harm in violation of RCW 9A.36.021(1)(a), the appropriate remedy is to remand the matter for entry of judgment and sentence on the necessarily included offense of first degree manslaughter. *See* RCW 9A.32.060(1)(a).

## FACTS

Gamble and others beat Carroll to death at a party in Vancouver, Washington, on March 26, 1999. A jury convicted Gamble of first degree felony murder committed in the course of a robbery[1] and the alternative of second degree felony murder committed in the course of a second degree assault.[2] In an unpublished opinion, we reversed Gamble's first degree felony murder conviction because there was insufficient evidence to prove that Gamble knowingly aided in the theft of Carroll's cell phone. We also requested supplemental briefing from the parties on the impact of *Andress* on this case.[3]

In supplemental briefing, the State suggested that *Andress* should not be applied retroactively to this case, while Gamble argued that double jeopardy and mandatory joinder principles entitled him to dismissal of the charges. We address two issues: (1) Does *Andress* apply to cases pending on direct appeal at the time the opinion issued? (2) Is first degree manslaughter (RCW 9A.32.060(1)(a)) a necessarily included offense of second degree felony murder when the predicate felony is second degree assault in violation of RCW 9A.36.021(1)(a); and, if so, is remand for resentencing the appropriate remedy?

## ANALYSIS

RETROACTIVITY

■ A new rule announced by the state or federal Supreme Court applies to all cases pending direct review at the time the rule is announced. *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 325-26, 823 P.2d 492 (1992); *Johnson v. United States*, 520 U.S. 461, 467, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997) (quoting *Griffith v. Kentucky*,

---

[1] RCW 9A.32.030(1)(c); former RCW 9A.56.200 (1975); RCW 9A.56.210.

[2] RCW 9A.32.050(1)(b); RCW 9A.36.021(1)(a).

[3] *State v. Gamble*, noted at 116 Wn. App. 1016 (2003).

479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)). Thus, *Andress* controls and mandates that we vacate Gamble's second degree felony murder conviction.

REMEDY

 An appellate court "may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." RAP 12.2; *State v. Gilbert*, 68 Wn. App. 379, 384, 842 P.2d 1029 (1993). In dictum, our Supreme Court indicated that the remedy of remand for resentencing on a "lesser included offense" generally is permissible only when the jury has been explicitly instructed on it. *See, e.g., State v. Green*, 94 Wn.2d 216, 234, 616 P.2d 628 (1980). But most cases expressly analyzing the remand-for-resentencing remedy clearly demonstrate that the proper inquiry is not whether the jury was *instructed* on the lesser included offense but, rather, whether the jury *necessarily found* each element of the lesser included offense beyond a reasonable doubt in reaching its verdict on the crime charged. *See Gilbert*, 68 Wn. App. at 385-86.[4]

---

[4] The court in *Gilbert* expressed its awareness of our Supreme Court's decision in *Green*, 94 Wn.2d 216, that a lesser included sentence is permissible only when the jury was "explicitly instructed" of the elements. 68 Wn. App. at 384. But because this was dictum, the dispositive issue was that the jury necessarily found the elements and not that they were instructed. *Gilbert*, 68 Wn. App. at 385 (citing *State v. Plakke*, 31 Wn. App. 262, 267, 639 P.2d 796 (1982) ("[s]econd degree robbery is a lesser included offense of first degree robbery because all the elements of the former are necessarily contained in the latter"), *overruled on other grounds in State v. Davis*, 35 Wn. App. 506, 667 P.2d 1117 (1983), *aff'd*, 101 Wn.2d 654, 682 P.2d 883 (1984)); *State v. Brown*, 50 Wn. App. 873, 878, 751 P.2d 331 (1988) (finding "no logical reason, when each element of the lesser included offense has been found, that the trial court's failure to instruct on the lesser included offense should prevent this court from directing the trial court to enter such a conviction"); *State v. Ellard*, 46 Wn. App. 242, 243, 730 P.2d 109 (1986) (two counts of first degree theft reduced to one count each of second and third degree theft because of insufficient evidence), *review denied*, 108 Wn.2d 1011 (1987); *Wills v. State*, 193 Ark. 182, 98 S.W.2d 72, 73-74 (1936) (conviction of assault with intent to rape reduced to simple assault because of insufficient evidence of intent to rape); *Ritchie v. State*, 243 Ind. 614, 623-24, 189 N.E.2d 575 (1963) (holding that conviction and acquittal of offense includes conviction and acquittal of all lesser included offenses; *Daniels v. State*, 196 Miss. 328, 17 So. 2d 793, 794 (1944) (assault and battery with intent to kill reduced to assault and battery because of insufficient evidence of intent to kill); *Corlew v. State*, 181 Tenn. 220, 223-24, 180 S.W.2d 900 (1944) (grand larceny conviction reduced to petit larceny conviction

Here, the evidence established that Gamble (six feet, three inches and 190 pounds) was part of a group of young men who planned a fight at a party in Vancouver, Washington. Carroll and others were lured to a party by pretext. Unprovoked, Gamble punched Carroll, an unarmed five-feet-nine-inch young man weighing 127 pounds, as Carroll sought to aid his friend who had been hit in the head with a beer bottle by one of Gamble's cohorts.[5]

Gamble's punch sent Carroll onto his back where his head hit the concrete sidewalk. Carroll did not move again, but Gamble and others kicked him as he lay on the ground. Carroll died as a result.

Gamble was charged with second degree felony murder based on the underlying felony of second degree assault. RCW 9A.32.050(1)(b); RCW 9A.36.021(1)(a) (as it first appeared in 1988). The jury was instructed on the elements of this offense as follows:

> To convict the defendant Jacob Gamble of the crime of Murder in the Second Degree as charged in Count II, each of

---

because of insufficient evidence of stolen items' value). *See also State v. Robbins,* 68 Wn. App. 873, 877, 846 P.2d 585 (1993) ("An appellate court that reverses a conviction of possession with intent to deliver on grounds of insufficiency of the evidence may remand the case for entry of an amended judgment on the lesser included offense of possession."). In each of the jurisdictions cited by *Gilbert,* the rule remains that a defendant may be sentenced on a lesser included offense if the jury found all of the elements necessary when convicting the defendant of the greater offense. *See, e.g., McCoy v. State,* 347 Ark. 913, 919, 69 S.W.3d 430 (quoting ARK. STAT. ANN. § 5-1-110) ("one offense [is] included in another offense . . . if . . . [i]t is established by proof of the same or less than all the elements required to establish the commission of the offense charged"), *reh'g denied,* 348 Ark. 239 (2002); *Hauk v. State,* 729 N.E.2d 994, 998 (Ind. 2000) (citing *Wright v. State,* 658 N.E.2d 563, 566-67 (Ind. 1995)) (lesser included offense "inherently included" in the crime charged if the "parties could establish commission of the claimed lesser-included offense by proof of the same material elements or less than all of the material elements of the charged crime"); *Smith v. State,* 818 So. 2d 383, 386 (Miss. Ct. App. 2002) ("[t]wo independent crimes merge into one when the greater crime necessarily includes all the elements of the lesser crime as a lesser included offense") (citing *Newburn v. State,* 205 So. 2d 260, 264 (Miss. 1967)); *State v. Burns,* 6 S.W.3d 453, 466 (Tenn. 1999) ("[a]n offense is a lesser included offense if . . . all of its statutory elements are included within the statutory elements of the offense charged").

[5] Because Gamble was an aggressor and was not and did not testify to being afraid of Carroll, we previously held that he presented no viable self-defense claim. *Gamble,* slip op. at 4, 7-9.

the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 26th day of March, 1999, *the defendant [Gamble] was committing Assault in the Second Degree*;

(2) That in the course of and in furtherance of such crime or in immediate flight from such crime, the defendant Jacob Gamble, or an accomplice, *caused the death of Daniel Carroll*;

(3) That *Daniel Carroll was not a participant in the crime*; and

(4) That the acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 123 (Instruction 16) (emphasis added).

Second degree assault was also defined for the jury:

A person commits the crime of Assault in the Second Degree when he *intentionally assaults another and thereby recklessly inflicts substantial bodily harm*.

CP at 124 (Instruction 17).[6]

In convicting Gamble of second degree felony murder as charged, the jury necessarily found that (1) Gamble intentionally assaulted Carroll and thereby (2) recklessly inflicted substantial bodily harm that (3) caused Carroll's death. If proof of these elements necessarily establishes

---

[6] RCW 9A.36.021(1)(a) currently defines second degree assault when a defendant "[i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm," which is identical to the definition in the given instruction. In 1976, a defendant was guilty of second degree assault when he or she "[s]hall knowingly inflict grievous bodily harm upon another with or without a weapon." Former RCW 9A.36.020(1)(b) (1975) (repealed by Laws of 1986, ch. 257, § 9). In 1987, this definition was changed and a defendant was guilty of second degree assault when he "[i]ntentionally assaults another and thereby inflicts substantial bodily harm." Former RCW 9A.36.021(1)(a) (1987). In 1988, the word "recklessly" was added and the current definition of second degree assault was adopted.

guilt of another lesser included offense, Gamble's case may properly be remanded for resentencing on that lesser included crime. *See Gilbert*, 68 Wn. App at 384-88. We apply the lesser included offense analysis to the offenses as charged and prosecuted, rather than as they broadly appear in statute. *State v. Berlin*, 133 Wn.2d 541, 548, 947 P.2d 700 (1997).

■ *Berlin* states the test to determine when a lesser offense is necessarily proved by proof of the greater offense:

> To establish that an offense is a lesser included offense, the rule is: first, each of the elements of the lesser offense must be a necessary element of the offense *charged*; second, the evidence in the case must support an inference that the lesser crime was committed.

*Berlin*, 133 Wn.2d at 548 (citing *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)).

■ Applying *Berlin* to the charges and evidence here reveals that first degree manslaughter is a lesser included offense of second degree felony murder as charged in violation of second degree assault. RCW 9A.36.021(1)(a); RCW 9A.32.050(1)(b).

A person is guilty of manslaughter in the first degree when "[h]e recklessly causes the death of another person." RCW 9A.32.060(1)(a).

Although a person may commit the crime of first degree manslaughter without intentionally assaulting his victim, he may not do so without recklessly inflicting substantial bodily harm (element 2) causing victim's death (element 3). Thus, the jury necessarily found that Gamble committed all elements of first degree manslaughter beyond a reasonable doubt when it found that he committed second degree felony murder by second degree assault in violation of RCW 9A.32.050(1)(b) and RCW 9A.36.021(1)(a) as charged.[7]

---

[7] RCW 10.61.006 states:

In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information.

We are aware of the Supreme Court's opinion in *State v. Tamalini*, 134 Wn.2d 725, 953 P.2d 450 (1998), suggesting a contrary result. *See also Andress*, 147 Wn.2d at 613.[8] But *Tamalini* neither applied nor overruled *Berlin*. Moreover, *Tamalini*, 134 Wn.2d at 729, relied on *State v. Davis*, 121 Wn.2d 1, 6, 846 P.2d 527 (1993), which, like *State v. Curran*, 116 Wn.2d 174, 804 P.2d 558 (1991), and *State v. Lucky*, 128 Wn.2d 727, 912 P.2d 483 (1996), was overruled in *Berlin* in favor of a return to the *Workman* standard. *Berlin*, 133 Wn.2d at 548-49.

Analyzing the actual charges and evidence in this case as *Berlin* requires, we hold that the jury necessarily found all elements of the crime of first degree manslaughter proved beyond a reasonable doubt. Accordingly, we reverse Gamble's second degree felony murder conviction as *Andress* requires, and we remand to the trial court with directions that it enter a verdict of guilty on the lesser included offense of first degree manslaughter in violation of RCW 9A.32-.060(1)(a) and sentence Gamble accordingly.

MORGAN and BRIDGEWATER, JJ., concur.

---

*Andress* focused on predicate assaults in which "no mental element comparable to intent is required." *Andress* at 614. Our opinion is limited to cases in which the predicate felony is second degree assault as charged under RCW 9A.36.021(1)(a) (intentionally assaults and recklessly causes substantial bodily harm).

[8] *Andress* cites both *Tamalini* and *Berlin*. We acknowledge the authority of these precedents but on the charges before us we are unable to reconcile the *Berlin* test with the result in *Tamalini*. Because there are two distinct lines of authority affecting our decision here, we have decided to follow *Berlin* which is rooted in the seminal case of *Workman*.