114 P.3d 646 (2005)
154 Wash.2d 457
STATE of Washington, Respondent,
v.
Jacob GAMBLE, Petitioner.
No. 74414-9.
Supreme Court of Washington, En Banc.
Argued November 10, 2004.
Decided June 23, 2005.
*647 James J. Sowder, Vancouver, for Petitioner.
Richard Alan Melnick, Philip A. Meyers, Thomas C. Duffy, Vancouver, for Respondent.
BRIDGE, J.
¶ 1 This case requires us to consider whether the Court of Appeals, after properly vacating a conviction for second degree felony murder, erred in remanding the case with directions to enter a verdict of guilty on the offense of first degree manslaughter. Specifically, we must consider whether first degree manslaughter is a lesser included offense of second degree felony murder where second degree assault, as set forth in RCW 9A.36.021(1)(a), is the predicate felony. While both parties petitioned this court to review numerous issues, our grant of review is limited to the question of whether the Court of Appeals remand instructions were proper. We hold that despite the unique nature of the predicate assault elements, manslaughter is not a lesser included offense of second degree felony murder where second degree assault, RCW 9A.36.021(1)(a), is the predicate felony. We thus conclude the Court of Appeals erroneously remanded for an entry of conviction of first degree manslaughter.

I
¶ 2 On March 26, 1999, 19-year-old Jacob Gamble attended a party at a neighbor's house. By 11:30 p.m., over 50 individuals were at the party, most drinking alcohol or smoking marijuana. Gamble's friend, Kevin Phommahasay expressed an intent to confront and fight Curtis Esteban that night. When Esteban, along with his friend Daniel Carroll, arrived at the party, Phommahasay immediately went outside to confront Esteban and struck him in the head with a beer bottle. At that time, Gamble struck Carroll in the face, knocking him to the ground. Carroll hit his head on the ground and was rendered unconscious. Gamble and Ryan May then began to kick and stomp on Carroll. Carroll died of blunt head trauma.
¶ 3 The State charged Gamble with first degree felony murder with robbery as the predicate felony and, alternatively, with second degree felony murder with second degree assault as the predicate felony. At trial, Gamble requested the court instruct the jury on the offense of first degree manslaughter as a lesser included offense to the charge of second degree felony murder. The trial court denied Gamble's proposed instruction, ruling manslaughter is not a lesser included offense of felony murder. A jury convicted Gamble on both felony murder charges. Gamble appealed.[1]
¶ 4 In relation to the second degree felony murder conviction, Gamble asserted that the trial court erred in failing to instruct the jury on manslaughter. Gamble argued that the lesser included offense test, as set forth in State v. Berlin, 133 Wash.2d 541, 545-46, 550, 947 P.2d 700 (1997), compelled a finding that manslaughter is a lesser included offense in this case. During the pendency of his appeal, this court decided In re Personal Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002) (holding assault cannot serve as predicate felony for felony murder) and the Court of Appeals solicited additional briefing on its impact. Gamble, 116 Wash. App. 1016, 2003 WL 1298906, *6. In response to this request, in a reverse course from his earlier position, Gamble conceded in his supplemental briefing that Washington law does not provide for lesser included offenses to second degree felony murder. See Appellant's Second Suppl. Br. at 6 (noting appellant "is not allowed access to such lesser included-offenses [as manslaughter] if Felony Murder in the Second Degree is charged") (citing State v. Tamalini, 134 Wash.2d 725, 747, 953 P.2d 450 (1998)). The State consistently *648 maintained, at trial and on appeal, that manslaughter is not, and cannot be, a lesser included offense of felony murder.
¶ 5 In light of the Andress decision, because the predicate felony with which Gamble was charged was an assault, the Court of Appeals vacated the second degree felony murder conviction. State v. Gamble, 118 Wash.App. 332, 336, 72 P.3d 1139 (2003). The Court of Appeals then independently crafted a remedy neither party sought. The Court of Appeals remanded to the trial court with directions to enter a guilty verdict on what it determined to be "the lesser included offense of first degree manslaughter." Gamble, 118 Wash.App. at 340, 72 P.3d 1139. In reaching this result, the Court of Appeals recognized that its ruling was contrary to decisions of this court explicitly holding that manslaughter is not a lesser included offense to felony murder. Id. (noting Tamalini, 134 Wash.2d at 729, 953 P.2d 450). The Court of Appeals nonetheless asserted it was bound by the lesser included offense standard set forth in State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978), and reaffirmed in Berlin, 133 Wash.2d at 548-49, 947 P.2d 700.[2]Gamble, 118 Wash.App. at 340, 72 P.3d 1139. The Court of Appeals reasoned that, in this case, the Workman standard compelled a result contrary to our pronouncement in Tamalini. Id.
¶ 6 In petitioning for review, both Gamble and the State now contend that the Court of Appeals erred in holding that manslaughter is a lesser included offense of second degree felony murder. We granted review to decide whether the Court of Appeals properly remanded for entry of conviction of first degree manslaughter.

II
¶ 7 The sole dispositive issue before the court is whether first degree manslaughter is a lesser included offense of second degree felony murder where assault, as defined in RCW 9A.36.021(1)(a),[3] is the predicate felony.
¶ 8 Defendants have a federal and state constitutional right to be informed of the charges against them.[4] We have stated that generally a defendant may be convicted only of those crimes with which he or she has been charged. Berlin, 133 Wash.2d at 544, 947 P.2d 700. However, both the defendant and the State have a statutory right to present lesser included offense instructions to the jury. Tamalini, 134 Wash.2d at 728, 953 P.2d 450. The relevant statute provides: "[T]he defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information." RCW 10.61.006.[5] To establish that an offense is a lesser included offense, "first, each of the elements of the lesser offense must be a necessary element of the offense charged; second, the evidence in the case must support an inference that the lesser crime was committed." Berlin, 133 Wash.2d at 548, 947 *649 P.2d 700 (citing and reinstating rule set forth in Workman, 90 Wash.2d at 447-48, 584 P.2d 382) (referred to herein as the "Workman standard"). The first prong is often referred to as the "legal prong" and the second as the "factual prong." See, e.g., Tamalini, 134 Wash.2d at 729, 953 P.2d 450. The legal prong encompasses the constitutional requirement that a defendant have notice of the charges against him or her. Berlin, 133 Wash.2d at 546, 947 P.2d 700.
¶ 9 Applying this standard, we have previously held that manslaughter is not a lesser included offense to either degree of felony murder. These cases have consistently held that such an instruction would fail the legal prong of the Workman standard. See Tamalini, 134 Wash.2d at 729-30, 953 P.2d 450 (fails "legal prong" as "all of the elements of the lesser offenses were not necessary elements of the greater offense"); Berlin, 133 Wash.2d at 550, 947 P.2d 700 (reaffirming result reached in Davis, infra); State v. Davis, 121 Wash.2d 1, 7, 846 P.2d 527 (1993) (noting "the specific mental elements required to prove first and second degree manslaughter [do] not apply to felony murder");[6]State v. Dennison, 115 Wash.2d 609, 627, 801 P.2d 193 (1990) (fails the legal prong because "[t]he statutory definitions of first and second degree manslaughter require proof of specific mental elements that are not required to prove ... felony murder"); State v. Frazier, 99 Wash.2d 180, 191-92, 661 P.2d 126 (1983) (same).
¶ 10 Both parties rely on Tamalini for the proposition that manslaughter is not a lesser included offense of felony murder. As here, in Tamalini the defendant was convicted of second degree felony murder with second degree assault as the predicate felony. 134 Wash.2d at 727, 953 P.2d 450. The majority in Tamalini, without conducting an analysis of the predicate assault felony, concludes that the specific mental elements of manslaughter are not elements of the felony murder statutes. Id. at 729-30. Tamalini does not cite to the relevant assault statute in its opinion. Id. Nevertheless, Tamalini correctly concluded in holding that neither degree of manslaughter, in that case, was a lesser included offense of second degree felony murder. Id. This practice is consistent with this court's prior approach to the issue. See, e.g., Berlin, 133 Wash.2d at 549-50, 947 P.2d 700 (holding felony murder lacks mental elements required to prove manslaughter, but performing no explicit analysis of elements of predicate offense); Davis, 121 Wash.2d at 7, 846 P.2d 527 (same); Dennison, 115 Wash.2d at 627, 801 P.2d 193 (same); but see also Frazier, 99 Wash.2d at 192, 661 P.2d 126 (looking to elements of predicate felony and accordingly noting that felony murder requires no specific mental state "other than the one necessary for the predicate crime  in this case, robbery in the first degree"). In sum, in our previous cases regarding lesser included offenses to felony murder, we have compared the elements of manslaughter and felony murder without consistently conducting any further in depth analysis of the elements of the necessary predicate felony.
¶ 11 The Court of Appeals below performed the additional step of looking at the elements of the predicate felony and found the unique nature of the assault charge here to include the mental states also required to prove manslaughter. Gamble, 118 Wash. App. at 337-39, 72 P.3d 1139. While the Court of Appeals applied the correct process, its conclusion was erroneous.

III
¶ 12 Turning to the facts of this case, a jury convicted Gamble of second degree felony *650 murder with second degree assault as the predicate felony. The Workman lesser included offense standard instructs that we first examine the elements of the offenses as charged. Workman, 90 Wash.2d at 447-48, 584 P.2d 382. The second degree felony murder statute provides:
A person is guilty of murder in the second degree when: ... He commits or attempts to commit any felony other than those enumerated in RCW 9A.32.030(1)(c), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants.
Former RCW 9A.32.050(1)(b) (1975).[7] In proving this offense, the State must also necessarily prove the defendant committed the predicate felony. Second degree assault, as charged here, provides: "A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree: ... Intentionally assaults another and thereby recklessly inflicts substantial bodily harm." RCW 9A.36.021(1)(a). The State must prove all essential elements of the above two offenses in order to achieve a guilty verdict for second degree felony murder. A person is guilty of first degree manslaughter when that person "recklessly causes the death of another person." RCW 9A.32.060(1)(a).
¶ 13 The Court of Appeals applied the Workman standard and determined that when second degree assault, as defined in RCW 9A.36.021(1)(a), is the predicate felony for a second degree felony murder charge, first degree manslaughter may be a lesser included offense. The Court of Appeals determined that because the Workman standard requires courts to examine the offenses as charged, it should examine the elements of the offense the State was required to prove, including those of the predicate felony. Gamble, 118 Wash.App. at 339, 72 P.3d 1139 (citing Berlin, 133 Wash.2d at 548, 947 P.2d 700 (citing Workman, 90 Wash.2d at 447-48, 584 P.2d 382)). The Court of Appeals correctly notes the crucial importance of this analytical step. See, e.g., State v. Wanrow, 91 Wash.2d 301, 311, 588 P.2d 1320 (1978) (elements of the predicate felony are "necessary" elements of felony murder). Because the State must prove the elements of the predicate felony to prove the offense of felony murder, the Court of Appeals properly considered those elements.
¶ 14 However, the Court of Appeals then analyzed the issue as follows:
In convicting Gamble of second degree felony murder as charged, the jury necessarily found that (1) Gamble intentionally assaulted Carroll and thereby (2) recklessly inflicted substantial bodily harm that (3) caused Carroll's death. If proof of these elements necessarily establishes guilt of another lesser included offense, Gamble's case may properly be remanded for resentencing on that lesser included crime. We apply the lesser included offense analysis to the offenses as charged and prosecuted, rather than as they broadly appear in statute.
....
Although a person may commit the crime of first degree manslaughter without intentionally assaulting his victim, he may not do so without recklessly inflicting substantial bodily harm (element 2) causing victim's death (element 3). Thus, the jury necessarily found that Gamble committed all elements of first degree manslaughter beyond a reasonable doubt when it found that he committed second degree felony murder by second degree assault in violation of RCW 9A.32.050(1)(b) and RCW 9A.36.021(1)(a) as charged.
Gamble, 118 Wash.App. at 338-39, 72 P.3d 1139 (citations omitted). Thus, the Court of Appeals essentially adopted Gamble's initial argument on appeal that, as prosecuted here, the "only real distinction between [first degree manslaughter] and assault in the assault charge is the element of intent." Br. of Appellant at 40. As such, the Court of Appeals found that, given the unique nature of the predicate assault felony, all the elements *651 of manslaughter are necessarily encapsulated within Gamble's felony murder conviction. This finding is erroneous.
¶ 15 The Court of Appeals here mischaracterizes the relative mens rea elements applicable in manslaughter and second degree assault. To secure a felony murder conviction in Gamble's case, the State was required to prove the defendant intentionally assaulted another and recklessly inflicted bodily harm. RCW 9A.36.021(1)(a). Then, pursuant to the felony murder statute, it was additionally required to prove that another person died as a result of this action. Former RCW 9A.32.050(1)(b).
¶ 16 However, neither of the two requisite mens rea elements required the State prove the defendant "recklessly cause[d] the death of another person." RCW 9A.32.060(1)(a) (first degree manslaughter). The Court of Appeals erroneously examines the elements in isolation, failing to give due regard to their necessary relational nature. Our criminal code defines "recklessness" in the following way:
A person is reckless or acts recklessly when he knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation.
RCW 9A.08.010(1)(c). Looking to the "wrongful act" caused by a defendant's actions, to prove manslaughter the State must show Gamble "[knew] of and disregard[ed] a substantial risk that a [homicide] may occur." Id. On the contrary, to achieve a felony murder conviction here, the State was required to prove only that Gamble acted intentionally and "disregard[ed] a substantial risk that [substantial bodily harm] may occur." Id. Significantly, the risk contemplated per the assault statute is of "substantial bodily harm," not a homicide as required by the manslaughter statute. As such, first degree manslaughter requires proof of an element that does not exist in the second degree felony murder charge the State brought against Gamble.[8] It is thus unamenable to a lesser included offense instruction on the offense of manslaughter.
¶ 17 The intent of the legislature, in enacting the felony murder statutes, is "to punish those who commit a homicide in the course of a felony under the applicable murder statute." Wanrow, 91 Wash.2d at 308, 588 P.2d 1320. In short, it is an "erroneous assumption that intent to kill is an element of second-degree felony-murder.... Intent to kill is not the sine qua non of felony-murder, either historically or in this statutory scheme." Id. at 306, 588 P.2d 1320 (citations omitted). We recently confirmed this conclusion in Andress when we stated: "of course, by electing to charge second degree felony murder, the State does not have to prove intent to kill, or, indeed, any mental element as to the killing itself." Andress, 147 Wash.2d at 614, 56 P.3d 981 (emphasis added).[9] This second observation is at issue *652 here and is ultimately determinative. As shown above, manslaughter does require proof of a mental element vis-à-vis the killing. See RCW 9A.32.060(1)(a) (recklessness); see also RCW 9A.32.070(1) (criminal negligence). The charge the State brought against Gamble did not require proof of such an element.
¶ 18 Because manslaughter requires the proof of a mens rea element vis-à-vis the resulting death, while felony murder as charged here does not, it cannot be a lesser included offense to the State's felony murder charge. As we have previously stated in this same context, because "all of the elements of the lesser offense[ ][are] not necessary elements of the greater offense" manslaughter is not a lesser included offense of first or second degree felony murder. Tamalini, 134 Wash.2d at 730, 953 P.2d 450. The unique nature of the predicate felony assault charge here does not present an exception to this rule.

IV
¶ 19 We hold that first degree manslaughter is not a lesser included offense of second degree felony murder where second degree assault, as defined in RCW 9A.36.021(1)(a), is the predicate felony. We affirm the Court of Appeals vacation of Gamble's second degree felony murder conviction but reverse the Court of Appeals remand for entry of a conviction of first degree manslaughter and sentencing.
¶ 20 We thus affirm in part and reverse in part the Court of Appeals decision and remand for further proceedings in accord with this decision. See State v. Hanson, 151 Wash.2d 783, 791-92, 91 P.3d 888 (2004) (citing Andress, 147 Wash.2d at 616 n. 5, 56 P.3d 981).
WE CONCUR: ALEXANDER, C.J., C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, JJ., and IRELAND, J. Pro Tem.
MADSEN, J. (concurring).
¶ 21 I agree with the majority's conclusion that manslaughter is not a lesser included offense of second degree felony murder where second degree assault is the predicate felony. I also note, as the majority does, that the parties have not argued that manslaughter is an inferior degree offense of felony murder, presumably because this court held in State v. Tamalini, 134 Wash.2d 725, 730-35, 953 P.2d 450 (1998) that it is not. However, I am writing separately to encourage the legislature to take a closer look at the statutory scheme that permits a conviction for second degree felony murder based on second or third degree assault, with no right to request jury instructions on manslaughter as an inferior degree offense.
¶ 22 In 2002, this court held in In re Personal Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002), that assault could not serve as the predicate felony under the second degree felony murder statute, former RCW 9A.32.050(1)(b), as it then existed (following recodification and amendment in 1975, see Laws of 1975, 1st Ex.Sess., ch. 260, § 9A.32.050; Laws of 1975-76, 2d Ex.Sess., ch. 38, § 4). In 2003, the legislature responded to Andress by including assault as a predicate felony for second degree felony murder, RCW 9A.32.050(1)(b). Laws of 2003, ch. 3, § 2. However, the legislature made no distinctions based upon the type or degree of felony assault that can serve as the *653 predicate felony for felony murder, and it has not acted to provide for manslaughter as an inferior degree offense of felony murder. Thus, as things now stand, this state has an exceedingly harsh statutory scheme where a defendant may be convicted of murder when the killing of another resulted from the defendant's reckless conduct or, worse yet, criminal negligence.
¶ 23 Early on, this court recognized that felony murder does not include as, an element, the state of mind of the defendant at the time of the killing; instead, the statute "substitutes the incidents surrounding certain felonies" for the mental state otherwise necessary to prove murder. State v. Craig, 82 Wash.2d 777, 781, 514 P.2d 151 (1973) (citing State v. Whitfield, 129 Wash. 134, 138-39, 224 P. 559 (1924)). "In effect, the intent to commit the felony is substituted for the premeditation or intent that would otherwise be necessary to establish murder." 13A SETH A. FINE & DOUGLAS J. ENDE, WASHINGTON PRACTICE: CRIMINAL LAW § 1508, at 289 (2d ed. 1998 & Supp.2005) (hereafter CRIMINAL LAW).
¶ 24 However, where second degree felony murder is based on assault, the substitution can result in extremely disproportionate punishment. Under RCW 9A.36.021(1)(a), an assault is a felony if the defendant "[i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm." Where this kind of assault is the predicate felony for felony murder, "then the mental state for murder is reduced all the way to recklessness, whenever an intentional assault has been committed." CRIMINAL LAW § 1508, at 290. In such cases, "[t]he unintended outcome of the assault causes two successive increases in the severity of the crime": First, "[t]he infliction of substantial bodily harm raises the assault from a gross misdemeanor to a felony" and second, "then this felony becomes the basis for felony-murder." Id. As the commentators[1] point out, despite these problems this theory of second degree felony murder has been upheld. Id.; see State v. Goodrich, 72 Wash.App. 71, 863 P.2d 599 (1993); State v. Langford, 67 Wash.App. 572, 837 P.2d 1037 (1992).
¶ 25 Thus, a defendant can be charged and convicted of second degree murder under RCW 9A.32.050(1)(b) based on assault in the second degree under RCW 9A.36.021(1)(a) where he or she intentionally assaults another and unintentionally but recklessly inflicts substantial bodily harm. Compare this to manslaughter in the first degree under RCW 9A.32.060(1)(a), where guilt is based on recklessly causing the death of another person.
¶ 26 An even more serious problem "could arise from use of another means of committing a felonious assault: by the infliction of bodily harm with criminal negligence, if the harm is either inflicted with a weapon or is accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." CRIMINAL LAW § 1508, at 291 (citing RCW 9A.36.031(1)(d), (f)). Thus, the statutes authorize a conviction for second degree murder based on "a purely negligent killing." CRIMINAL LAW § 1508, at 291.
¶ 27 Again, a comparison to the manslaughter statutes is illuminating. Under RCW 9A.32.070(1), "[a] person is guilty of manslaughter in the second degree when, with criminal negligence, he [or she] causes the death of another person." (Emphasis added.)
¶ 28 When compared to punishments for first and second degree manslaughter, the disproportionate punishment for second degree felony murder based upon second degree assault where the homicide occurs as a result of the defendant "recklessly inflict[ing] substantial bodily harm," RCW 9A.36.021(1)(a), or results from a first degree assault where the defendant acts with "criminal negligence," RCW 9A.36.031(1)(d), (f), is obvious. Second degree murder is a level XIV offense, while first degree manslaughter is a level XI offense, and second degree manslaughter is a level VIII offense. RCW 9.94A.515. Assuming a zero offender score, the standard range sentences are: for second degree felony murder, a level XIV offense, 123-220 months; for first degree manslaughter, a level XI offense, 78-102 months; *654 and for second degree manslaughter, a level VIII offense, 21-27 months. RCW 9.94A.510.
¶ 29 I cannot help but think that when the legislature amended RCW 9A.32.050(1)(b) to add assault as a predicate felony for second degree felony murder, it did not have in mind the full ramifications of the amendment. There is no logic to statutes that effectively transform manslaughter into felony murder. And noted authority has said that "manslaughter will not ... serve as a felony for purposes of the felony-murder doctrine." 2 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 14.5 (2d ed. 2003 & Supp.2005).
¶ 30 The problems posed by the second degree felony murder statute and assault statutes call for change. In the past, one way in which the harshness of the felony murder doctrine was ameliorated was through jury instructions which gave the jury the option of convicting the defendant of first or second degree manslaughter as a lesser included or inferior degree offense. See, e.g., State v. Berry, 52 Wash.2d 748, 328 P.2d 891 (1958); State v. Paschall, 197 Wash. 582, 85 P.2d 1046 (1939); State v. Cooley, 165 Wash. 638, 5 P.2d 1005 (1931); see RCW 10.61.003 (where the defendant is charged with "an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged ... and guilty of any degree inferior thereto"); RCW 10.61.010 (conviction of lesser crime).
¶ 31 Now, however, it is clear, as the majority holds, that manslaughter is not a lesser included offense of second degree felony murder based on assault. Therefore, a jury may not be instructed on manslaughter as a lesser included offense of second degree felony murder based upon assault.
¶ 32 Nor can a jury be instructed on manslaughter as an inferior degree of second degree felony murder based upon assault. For a crime to be an inferior degree of another crime, the statutes for the charged offense and the proposed inferior degree offense must proscribe only one offense. Tamalini, 134 Wash.2d at 732, 953 P.2d 450; State v. Peterson, 133 Wash.2d 885, 891, 948 P.2d 381 (1997); State v. Foster, 91 Wash.2d 466, 472, 589 P.2d 789 (1979). In Tamalini, the court held that manslaughter is not an inferior degree of second degree felony murder. Tamalini, 134 Wash.2d at 730-35, 953 P.2d 450.[2]
¶ 33 The legislature could, however, amend the relevant statutes to make clear, for example, that the same offense is proscribed by the first degree manslaughter statute and the second degree felony murder statute  where second degree assault under RCW 9A.36.021(1)(a) is the predicate felony. Similarly, it could provide that the same offense is proscribed by the second degree manslaughter statute[3] and the second degree felony murder statute  where third degree assault under RCW 9A.36.031(1)(d) or (f) is the predicate felony.
¶ 34 Another requirement for an inferior degree offense, though, is that there must be evidence that the defendant committed only the inferior offense. Tamalini, 134 Wash.2d at 732, 953 P.2d 450; Peterson, 133 Wash.2d at 891, 948 P.2d 381; Foster, 91 Wash.2d at 472, 589 P.2d 789. This requires examination on a case by case basis of the evidence that establishes the criminal acts. This evidentiary test may be particularly troublesome where second degree felony murder is based on third degree assault of another under RCW 9A.36.031(1)(d) or (f). Evidence establishing second degree manslaughter due to criminal negligence, RCW 9A.32.070(1), may very well constitute evidence that the defendant committed third degree assault. If so, the evidence will establish the predicate felony for second degree felony murder under RCW 9A.32.050(1)(b), and the evidence accordingly would not show that the defendant committed only the inferior degree offense. *655 Thus, in such circumstances manslaughter would not be an inferior degree offense, and the jury should not be instructed on manslaughter as an inferior degree offense.
¶ 35 Given the huge disparity between punishments for first and second degree manslaughter and the punishment for second degree felony murder predicated on assault, and given the difficulty in meeting the evidentiary test for an inferior degree offense in the case of assault in the third degree, the legislature should consider whether all felony assaults should continue to serve as predicate felonies for second degree felony murder.
¶ 36 Originally, the felony murder doctrine was confined to felonies recognized at common law, nearly all of which were punishable by death. Andress, 147 Wash.2d at 606, 56 P.3d 981 (citing State v. Harris, 69 Wash.2d 928, 931, 421 P.2d 662 (1966)). With the passage of time, crimes that were once characterized as misdemeanors and gross misdemeanors have become, under our statutory scheme, felonies. Andress, 147 Wash.2d at 606, 56 P.3d 981. With this great expansion of the type and range of felonies, Washington's second degree felony murder statute sweeps within its scope offenses that bear little relationship to felonies sufficiently serious to justify a second degree murder conviction under the felony murder doctrine.
¶ 37 I have focused here primarily on three of the assaults that can serve as predicate felonies for second degree felony murder, i.e., second degree assault under RCW 9A.36.021(1)(a) and third degree assault under RCW 9A.36.031(1)(d) and (f). If the legislature revisits the second degree felony murder doctrine, as I hope it will, the remaining felony assaults should also be reassessed to determine if they should serve as predicate felonies for second degree felony murder. For example, third degree assault also occurs where an individual "`[a]ssaults a person employed as a transit operator or driver ... while that person is performing his or her official duties.'" Andress, 147 Wash.2d at 614, 56 P.3d 981 (quoting RCW 9A.36.031(1)(b)). It is questionable whether such an assault should serve as the predicate felony for a second degree felony murder conviction.
¶ 38 I do not suggest that acts leading to the death of another person should be treated lightly. But our statutory scheme already recognizes, as it should, that culpability for criminally causing the death of another is not the same for manslaughter as it is for murder. Unfortunately, the statutory scheme also allows a number of homicides that in all material respects resemble manslaughter to be ratchetted up to second degree murder under the felony murder doctrine. The legislature should consider altering the statutory scheme to provide for manslaughter as an inferior degree offense of second degree murder, at least in some circumstances, and should narrow the range of assaults that can serve as the predicate felony for second degree felony murder.
¶ 39 I concur in the result reached by the majority.
SANDERS, J., concurs.
CHAMBERS, J. (concurring).
¶ 40 I concur generally with Justice Madsen but write separately to express my specific concern. It is troubling to me that the legislature has created a double standard. Why do we have two crimes that may be charged for exactly the same act, done with exactly the same intent, causing exactly the same devastation to the victim, but with dramatically different consequences for the actor? Under the statutory law today, either second degree manslaughter, a class B felony, or the much more serious charge of second degree felony murder, a class A felony, may be charged where a negligent assault results in the death of another. RCW 9A.32.070, .050(b).
¶ 41 Discriminatory treatment is not the purpose of our criminal code, yet, inexplicably, permitting either manslaughter or felony murder to be charged for the very same act creates and condones a double standard. Our current law explicitly allows two people who commit the same offense to be charged and convicted of different crimes, perhaps because of their different background or socioeconomic status or merely the county in which they live. Because our criminal code creates this double standard, the law is *656 not clear, understandable or predictable, and that should be troubling to all.
NOTES
[1] In an unpublished opinion, the Court of Appeals reversed the first degree felony murder conviction, concluding that there was insufficient evidence to support the conviction. State v. Gamble, noted at 116 Wash.App. 1016, 2003 WL 1298906, at **2-3. This reversal is not before the court.
[2] Berlin overruled the lesser included offense test established in State v. Lucky, 128 Wash.2d 727, 735, 912 P.2d 483 (1996) in favor of a return to the Workman standard. Berlin, 133 Wash.2d at 545-49, 947 P.2d 700.
[3] RCW 9A.36.021 was amended by Laws of 2003, ch. 53, § 64 and Laws of 2001, 2d Spec. Sess., ch. 12, § 355. Neither amendment affected subsection RCW 9A.36.021(1)(a) which is at issue here.
[4] The sixth amendment to the United States Constitution directs that "[i]n all criminal prosecutions, the accused shall ... be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. The Washington State Constitution also provides that "[i]n criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation against him, [and] to have a copy thereof." CONST. art. I, § 22 (amend.10).
[5] RCW 10.61.003 provides that a jury may also convict a defendant of an inferior degree of the crime charged. We have previously held that manslaughter is not an inferior degree offense of felony murder. In Tamalini, this court expressly adopted the analysis in State v. McJimpson, 79 Wash.App. 164, 171-72, 901 P.2d 354 (1995), holding that "the manslaughter statutes and the felony murder statutes proscribe significantly different conduct and thus define separate and distinct crimes." 134 Wash.2d at 732-33, 953 P.2d 450. In sum, while the applicable statutes "proscribe the killing of another human being generally, [they] are directed to significantly differing conduct of defendants." Id. at 733, 953 P.2d 450. The parties do not dispute this holding, and it is not at issue here.
[6] Davis disposed of the lesser included offense issue in a less than clear manner by additionally stating that because of "[t]he myriad of alternative ways in which one may commit second degree felony murder ... it [is] unamenable to a lesser included offense instruction." 121 Wash.2d at 7, 846 P.2d 527. According to the Workman standard, courts look to whether the elements of the lesser offense are necessarily included in the greater offense, as charged. Workman, 90 Wash.2d at 448, 584 P.2d 382. The statutory alternative ways a greater offense may be committed are not relevant. Tamalini, while affirming the result the Davis court reached, overruled this portion of the Davis analysis. 134 Wash.2d at 729 n. 1, 953 P.2d 450.

While Berlin recognized the flaws in the Davis analysis, the Court of Appeals below mistakenly asserts that Berlin overruled Davis in whole. Gamble, 118 Wash.App. at 340, 72 P.3d 1139. On the contrary, Berlin explicitly "affirm[ed] the result ... reached in Davis" that manslaughter is not a lesser included offense of felony murder. Berlin, 133 Wash.2d at 550, 947 P.2d 700.
[7] Amended by Laws of 2003, ch. 3, § 2 (allowing felony assault to serve as the predicate felony for second degree felony murder).
[8] Cf. State v. Bowerman, 115 Wash.2d 794, 805-06, 802 P.2d 116 (1990). In Bowerman, the State charged the defendant with aggravated first degree murder for paying a third party to kill her former boyfriend. Id. at 797, 802 P.2d 116. The defendant asserted the trial court erred in not granting her proposed instruction on second degree murder as a lesser included offense of aggravated first degree murder. Id. at 805, 802 P.2d 116. On review, the State responded by arguing the evidence did not support such an instruction as the defendant admitted to premeditation, an element of first degree but not second degree murder. Id. at 805-06, 802 P.2d 116. However, the court noted the defendant admitted to hiring someone to "`rough up'" the victim, but not to kill him. Id. at 805, 802 P.2d 116. Thus, the court rejected the State's argument per the facts of the case, finding that the premeditation that the defendant admitted to, if any, was the "premeditated intent to injure" the victim, not the "premeditated intent to kill that is an element of first degree murder." Id. at 806, 802 P.2d 116. While discussing the mental elements in a context different from the issue facing the court here, Bowerman reached a similar conclusion. Even if the result is the same (death), intent to injure and intent to kill are not synonymous. Similarly, recklessly causing a death and recklessly causing substantial bodily harm are not synonymous.
[9] It is analytically helpful to examine why, as opposed to felony murder, first degree manslaughter is a lesser included offense to first and second degree intentional murder. See, e.g., Berlin, 133 Wash.2d at 550-51, 947 P.2d 700. Second degree intentional murder requires that the defendant intentionally, but without premeditation, cause the death of another person. Former RCW 9A.32.050(1)(a). First degree manslaughter requires the defendant recklessly cause the death of another person. RCW 9A.32.060(1)(a). RCW 9A.08.010(2) sets forth the principle that the state of mind of recklessness is necessarily included within intent. As such, the state of mind of recklessness is a "necessary element[] of the greater crime of second degree murder." Berlin, 133 Wash.2d at 551, 947 P.2d 700; see also State v. Jones, 95 Wash.2d 616, 620-21, 628 P.2d 472 (1981). In this context, the elements of intent and recklessness both relate to the same wrongful act, the killing of another person. In short, first degree and second degree intentional murder, and manslaughter, "are defined in part by reference to the kinds of culpability set forth in RCW 9A.08.010(1)." Jones, 95 Wash.2d at 620-21, 628 P.2d 472. The same cannot be said of felony murder. On the contrary, our felony murder statutes do not require the State prove any particular state of mind vis-à-vis the unlawful killing. Andress, 147 Wash.2d at 614, 56 P.3d 981. As such, the justification supporting the conclusion that manslaughter is a lesser included offense to intentional murder does not hold true with regard to felony murder.
[1] One of the authors is a prosecuting attorney in the Snohomish County prosecutor's office, suggesting that the severity of the statutory scheme is widely recognized.
[2] It might be argued that where second degree felony murder is predicated on assault, and the assault is a second degree assault involving reckless infliction of substantial bodily harm or a third degree assault involving criminal negligence, second degree felony murder encompasses conduct that does not differ in any significant respect from manslaughter. Nonetheless, the majority in Tamalini rejected the argument.
[3] Examination of the assault and manslaughter statutes might lead to similar conclusions where other felony assaults serve as the predicate felonies for second degree felony murder.