IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69517-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ROBERT EUGENE DEAN, III, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 27, 2014 |

SCHINDLER, J. — Robert Eugene Dean, III seeks reversal of his conviction for assault in the second degree. Dean contends the jury instruction defining "reckless" as "a wrongful act" rather than using the specific statutory language of "substantial bodily harm" requires reversal. We adhere to our decisions in State v. Harris, 164 Wn. App. 377, 263 P.3d 1276 (2011), and State v. Johnson, 172 Wn. App. 112, 297 P.3d 710 (2012), and reverse and remand for a new trial.

FACTS

Ibrahim Al-Sebah worked as a security guard at Safeway. Al-Sebah testified that on the evening of July 21, 2012, he saw an individual, later identified as Robert Eugene Dean, III, put a bottle of ketchup and a box of frozen chicken into his backpack. Al-Sebah confronted Dean and told him to either return the items or immediately pay for the ketchup and frozen chicken. Al-Sebah said that as he was removing the items from

the backpack, Dean cut him with a small knife on his face and wrist. Dr. Craig Nattkemper testified that the laceration to Al-Sebah's left ear required 15 sutures and the laceration on the right wrist required four stitches.

The State charged Dean with assault in the second degree. The State alleged Dean intentionally and recklessly inflicted substantial bodily harm and assaulted Al-Sebah with a deadly weapon.

The court instructed the jury on assault in the second degree and the lesser-included offense of assault in the fourth degree. The to-convict instruction for assault in the second degree states:

> To convict the defendant of the crime of assault in the second degree, each of the following two elements of the crime must be proved beyond a reasonable doubt:
> (1)   That on or about July 21, 2012, the defendant:
>    (a)   intentionally assaulted Ibrahim Al-Sebah and thereby recklessly inflicted substantial bodily harm; or
>    (b)   assaulted Ibrahim Al-Sebah with a knife, and that such knife constituted a deadly weapon; and
> (2)   That this act occurred in the State of Washington.
> If you find from the evidence that element (2) and either of alternative elements (1)(a) or (1)(b) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (1)(a) or (1)(b) has been proved beyond a reasonable doubt, as long as each juror finds that either (1)(a) or (1)(b) has been proved beyond a reasonable doubt.
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to either element (1) or (2), then it will be your duty to return a verdict of not guilty.

The jury instruction defining "reckless" states:

> A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act or result may occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation.

2

When recklessness as to a particular fact or result is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly as to that fact or result.

The jury convicted Dean of assault in the second degree. Dean appeals his conviction.

## ANALYSIS

Dean contends the jury instruction defining "reckless" as "a wrongful act" rather than using the statutory definition of "substantial bodily harm" misstates the law and impermissibly relieved the State of its burden of proof. Because the State concedes Dean is not barred from raising this issue for the first time on appeal, we do not analyze whether the issue was properly preserved in the trial court.

RCW 9A.36.021(1) defines assault in the second degree as follows:

A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:
(a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or

. . . .

(c) Assaults another with a deadly weapon.

In Harris, we followed the reasoning in State v. Gamble, 154 Wn.2d 457, 114 P.3d 646 (2005), in reversing the assault conviction because the jury instruction defining "reckless" misstated the law and relieved the State of its burden of proof. Harris, 164 Wn. App. at 385-88. The to-convict instruction in Harris correctly stated the jury had to find the State proved beyond a reasonable doubt that the defendant "intentionally assaulted [the victim] and recklessly inflicted great bodily harm," but the instruction defining "reckless" referred to "a wrongful act" rather than "great bodily harm." Harris, 164 Wn. App. at 383-84.[1] We held that a jury instruction defining "reckless" to mean "a

---

[1] (Emphasis omitted) (internal quotation marks omitted).

3

wrongful act" misstated the law because it relieved the State of its burden to prove that the defendant "knew and recklessly disregarded that great bodily harm could result." Harris, 164 Wn. App. at 388. We concluded the court erroneously instructed the jury that a person acts recklessly when they know of and disregard a substantial risk that a wrongful act may occur. Harris, 164 Wn.App. at 385.

> In instructing a jury, a trial court should use the statute's language "where the law governing the case is expressed in the statute." State v. Hardwick, 74 Wn.2d 828, 830, 447 P.2d 80 (1968). Here, the law governing Harris's child assault charge is expressed in RCW 9A.36.120(1)(b)(i), the statute defining first degree child assault. And a jury instruction defining RCW 9A.36.120(1)(b)(i)'s recklessness requirement must account for the specific risk contemplated under that statute, here great bodily harm, and not some undefined wrongful act. See Gamble, 154 Wn.2d at 468 ("the risk contemplated per the assault statute is of 'substantial bodily harm' ").

Harris, 164 Wn. App. at 387-88.

In Johnson, we agreed with the decision in Harris and held that for assault in the second degree, the trial court should have used the specific statutory language of "substantial bodily harm" rather than "wrongful act." Johnson, 172 Wn. App. at 132-33. The to-convict instruction and instruction defining "reckless" in Johnson are nearly identical to those here. See Johnson, 172 Wn. App. at 129-30.

Nonetheless, the State argues that Harris and Johnson are wrongly decided. The State also points to the to-convict instruction that correctly states the specific statutory language of "substantial bodily harm." In Harris, we considered and rejected the same argument:

> [T]he definitional instruction that told the jury it need only find that Harris disregarded the risk of a "wrongful act," even read with the "to convict" instruction, did not properly state the law and these instructions relieved the State of its burden to show that Harris knew and recklessly

4

disregarded that great bodily harm could result from his picking [the victim] up and shaking him.

Harris, 164 Wn. App. at 388; see also Johnson, 172 Wn. App. at 132-33.

We adhere to the decisions in Harris and Johnson and conclude the jury instruction defining "reckless" misstated the law and lowered the State's burden of proof.[2]

Reversed and remanded.

WE CONCUR:

---

[2] An erroneous jury instruction that misstates the law is subject to a harmless error analysis. State v. Thomas, 150 Wn.2d 821, 844, 83 P.3d 970 (2004). We presume that a jury instruction that clearly misstates the law is prejudicial. Harris, 164 Wn. App. at 383. Here, the State does not argue that the trial court's instruction was harmless.