IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| STATE OF WASHINGTON, | ) | No. 30879-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLOYD KOONTZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. – Floyd Koontz appeals his first degree manslaughter conviction

following a bench trial. He contends the court erred in finding he was the first aggressor

and argues insufficient evidence supports his conviction. In his statement of additional

grounds for review (SAG), Mr. Koontz, pro se, reiterates his appellate counsel's first

aggressor concerns and additionally urges us to reassess witness credibility. We find

no error, and affirm.

FACTS

Mr. Koontz purchased a vehicle from Pete Flores for $500. Mr. Koontz gave him

$250 and agreed to pay the remaining $250 at a later time. Mr. Koontz was not happy

with the car and felt Mr. Flores had sold him a "lemon." Report of Proceedings (RP) at

291. Mr. Koontz confronted Mr. Flores, who allegedly pulled out a knife and

embarrassed Mr. Koontz. Witnesses heard the two men arguing about the vehicle. And, one witness thought she heard Mr. Koontz threaten that he was "gonna get a knife." RP at 560. Mr. Flores ended up kicking Mr. Koontz out and telling him not to come back unless Mr. Koontz had the money to pay the balance on the vehicle.

About three months later, Mr. Koontz was at a friend's house where a witness saw him using a pocket knife to cut and eat sausage. A friend at the house had recently talked to Mr. Flores, who asked her to remind Mr. Koontz he still owed him money. Mr. Koontz became upset about this and left. According to the witness, Mr. Koontz stated on his way out that "he was gonna go kill Pete." RP at 147.

Mr. Koontz then went to Mr. Flores's house. A friend of Mr. Flores was inside using the bathroom. When he came outside, the friend saw Mr. Koontz pulling a knife out of Mr. Flores's neck. The friend did not hear any loud noises coming from outside. Mr. Flores died a short time later. An investigating officer went to Mr. Koontz's home to investigate the homicide. He saw Mr. Koontz had been stabbed and called for an ambulance. Mr. Koontz had a puncture wound in his chest, along with superficial cuts or stab wounds, and some bleeding.

The State charged Mr. Koontz with first degree murder. During his bench trial, Mr. Koontz testified Mr. Flores threatened him and then attacked him with a file and a butcher knife. Mr. Koontz further testified that as he tried to pull his knife out of his pocket he tripped and fell, and Mr. Flores fell on top of him. He then stabbed Mr. Flores and ran away.

2

The trial court concluded Mr. Koontz was the aggressor and rejected his self-defense argument. The court then found him guilty of first degree manslaughter while armed with a deadly weapon. Mr. Koontz appealed.

ANALYSIS

A. First Aggressor

The issue is whether the trial court erred in concluding Mr. Koontz was the first aggressor, and rejecting his self-defense claim. Mr. Koontz argues no evidence shows he provoked the fight that resulted in Mr. Flores's death. We review conclusions of law de novo. *In re Pers. Restraint of Brett*, 142 Wn.2d 868, 873-74, 16 P.3d 601 (2001).

In Washington, a defendant's right to act in self-defense is determined from the defendant's subjective, reasonable belief that he or she is in imminent harm. *State v. Bradley*, 141 Wn.2d 731, 737, 10 P.3d 358 (2000). But, to disavow a defendant's claim of self defense, the State may produce "credible evidence" showing the defendant was the aggressor. *State v. Riley*, 137 Wn.2d 904, 909, 976 P.2d 624 (1999).

At the outset we note, because this case was decided in a bench trial, the trial judge had the fact-finding discretion to resolve witness credibility and evidence weight problems without the necessity of giving jury instructions. The judge is presumed to know the law. The judge's oral decision indicates a careful consideration of the case facts as applied to the law of self-defense. The judge carefully explained his reasoning regarding the credibility issues and indicated his views on the persuasiveness of the evidence. These are areas that we must defer to because substantial evidence in the

3

record supports the trial court's findings of fact and those facts support its conclusions of law. The judge's rejection of self defense because he found Mr. Koontz was the aggressor is wholly supported by this record.

In any event, case law concerning when an aggressor instruction is justified is instructive. "A court properly submits an aggressor instruction where (1) the jury can reasonably determine from the evidence that the defendant provoked the fight; (2) the evidence conflicts as to whether the defendant's conduct provoked the fight; or (3) the evidence shows that the defendant made the first move by drawing a weapon." *State v. Anderson,* 144 Wn. App. 85, 89, 180 P.3d 885 (2008) (citing *Riley,* 137 Wn.2d at 909-10).

In *Riley,* Mr. Riley referred to a rival gang member as a "wanna-be." 137 Wn.2d at 906. The victim then threatened to shoot Mr. Riley. Mr. Riley pulled a gun on the victim and demanded his gun. As the victim reached for his gun, Mr. Riley shot him. The court instructed on first aggressor. *Id.* at 907. The jury found Mr. Riley guilty of first degree assault. He appealed his conviction, arguing the trial court erred in giving an aggressor instruction. The court rejected Mr. Riley's challenge, holding generally where credible evidence exists from which a jury could reasonably determine that the defendant provoked the need to act in self defense, an aggressor instruction is appropriate. *Id.* at 910.

In other words, a defendant whose aggression provokes the contact eliminates his right of self-defense. *State v. Douglas,* 128 Wn. App. 555, 562, 116 P.3d 1012

4

(2005). Here, the trial court acted within its fact-finding discretion in deciding the underlying facts in support of its legal conclusions.

Mr. Koontz and Mr. Flores had a previous encounter where they argued over the vehicle that Mr. Flores sold to Mr. Koontz. Mr. Flores displayed a knife and told Mr. Koontz to leave his home and never come back. Nevertheless, upon learning from mutual friends that Mr. Flores still wanted his money for the vehicle, Mr. Koontz went back. This time he was carrying a knife (previously displayed while he was eating sausage) and visibly upset. Mr. Koontz also stated he was going to "kill Pete." RP at 147. While the witness at Mr. Flores's home did not hear a struggle and Mr. Koontz also had been wounded, Mr. Koontz's actions would still constitute aggression sufficient to eliminate his right to claim self-defense. *Douglas*, 128 Wn. App. at 562. Moreover, a fact-finder could "reasonably determine . . . that the defendant provoked the fight" based on Mr. Koontz's actions. *Anderson*, 144 Wn. App. at 89 (citing *Riley*, 137 Wn.2d at 909-10). The trial court properly concluded likewise in denying Mr. Koontz's self-defense claim.

## B. Evidence sufficiency

The issue is whether sufficient evidence exists to support Mr. Koontz's first degree manslaughter conviction. He contends the State failed to prove he acted recklessly.

Evidence is sufficient when, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt.

*State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). When considering the sufficiency of the evidence, all reasonable inferences must be drawn in favor of the State and interpreted most strongly against the defendant. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

A person commits first degree manslaughter when he or she "recklessly causes the death of another person." RCW 9A.32.060(1)(a). "A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and his or her disregard of such substantial risk is a gross deviation from conduct that a reasonable person would exercise in the same situation." RCW 9A.08.010(1)(c). Our Supreme Court clarified in *State v. Gamble*, 154 Wn.2d 457, 467-68, 114 P.3d 646 (2005) that to convict a defendant of first degree manslaughter the State must prove beyond a reasonable doubt that the defendant knew of, and disregarded, a substantial risk that *death* may occur.

Mr. Koontz and Mr. Flores had a prior confrontation resulting in Mr. Flores kicking Mr. Koontz out of his house and telling him to never come back. Mr. Koontz then heard from a mutual friend that Mr. Flores wanted to be paid for the vehicle. Mr. Koontz appeared agitated and left the house of the mutual friend, claiming he was going to kill Mr. Flores. He was carrying a knife at the time. Based on these facts, and drawing all reasonable inferences in favor of the State, a reasonable person could conclude Mr. Koontz knew of, and disregarded, a substantial risk that death may occur. Mr. Koontz

6

acted recklessly. Thus, sufficient evidence exists to support his first degree manslaughter conviction.

## C. Statement of Additional Grounds

In his SAG, Mr. Koontz dedicates several pages to citing to the trial transcript and then providing commentary about the testimony. It appears from these comments he is challenging the trial court's finding that he was the first aggressor and disagrees with the trial court's witness credibility determinations.

We do not readdress Floyd Koontz's first-aggressor concerns because his appellate counsel's brief adequately addressed that issue, rejected above. *See* RAP 10.10(a) (providing the purpose of a SAG is to "identify and discuss those matters which the defendant/appellant believes have not been adequately addressed by the brief filed by the defendant/appellant's counsel").

Mr. Koontz is concerned that several of the witnesses committed perjury and disagrees with the trial court's credibility assessments. Mr. Koontz, however, testified at trial (RP 647), rebutting the testimony he now questions. We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). Moreover, both circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Accordingly, Mr. Koontz fails to present any reversible error.

No. 30879-1-III
*State v. Koontz*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, J.
_____
Brown, J.

WE CONCUR:

Korsmo, C.J.
_____
Korsmo, C.J.

Kulik, J.
_____
Kulik, J.

8